THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODGER BRUCE LOMAS, Defendant-Appellant.

Third District    No. 80-402

Opinion filed January 30, 1981.

Robert Agostinelli and Peter Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Rodger Bruce Lomas, appeals from a revocation of the one-year term of probation which had been imposed in October 1979, following his plea of guilty to a charge of retail theft (over $150). The petition for revocation alleged that the defendant possessed marijuana and hypodermic needles, and that he committed a burglary on March 4, 1980, by knowingly entering a building of Goodyear Tire and Service with the intent to commit a theft. The possession charges were dismissed for insufficient evidence, but the defendant was found guilty of burglary. Based on this conviction, the defendant's probation was revoked, and he was sentenced to a three-year term of imprisonment.

The evidence adduced at the probation revocation hearing established that in the late evening hours of March 4, 1980, or the early morning

hours of March 5, 1980, the Goodyear Service Store in Rock Island, Illinois, was burglarized. Two five-inch black and white AC/DC television sets were taken.

Murray Hurt, a reporter for the Rock Island Argus, testified that as he was leaving work around midnight on the night in question, he heard a loud noise, as though someone was kicking something. Looking down the street, he saw someone step away from the Goodyear store, then back towards it. Hurt drove around the block and observed that the windows in the front door of the store had been kicked out. He described the person he had seen as a black male, approximately 5 feet 11 inches tall, wearing a red hat and a blue coat. Hurt thought the coat might have been quilted. As he drove around the block he noticed the same individual he had seen at the Goodyear store standing on a nearby corner.

At the hearing Hurt was unable to identify the defendant as the man he had seen. He did identify the defendant's red stocking cap as the hat he had seen, but he stated that he did not believe the blue denim coat offered into evidence by the State was the same coat as that worn by the man he had seen.

Officer Randall Brown testified that in response to a radio dispatch describing the individual seen by Hurt, he stopped the defendant behind the Happy Corner Tavern sometime between midnight and two a.m. on the morning of March 5, 1980. When he spotted the defendant a second black male was with him, but that individual fled before Officer Brown approached the defendant. The defendant, who was wearing a red stocking cap and a blue denim coat, was questioned by the officer, arrested, and taken to the station to be booked.

Officer Brown subsequently found cannabis, two hypodermic syringes, and a full-length black leather coat in the defendant's car. These items and the defendant's hat were seized.

After booking the defendant at the station and asking him to remove his shoes, Officer Brown noticed that the defendant's footsteps were bloody. The defendant was found to have a deep cut on his ankle. He was taken to the hospital where small pieces of glass were removed. One piece of glass about the size of a pencil lead was admitted into evidence, but Officer Brown testified that he had no way of telling if it was the same particle received from the doctor.

Officer Woodburn testified that he and Officer Pauly took the defendant's shoes to the scene of the burglary, where about three inches of snow covered the ground. There Officer Pauly put on the defendant's shoes and made a set of tracks in the snow parallel to those made by the perpetrator. At the hearing defense counsel objected to additional testimony from Officer Woodburn concerning the footprints, since he had not been shown to be an expert. The trial judge overruled this objection,

stating that one need not be an expert to give an opinion concerning footprints.

Woodburn there indicated that the original prints and the test prints were generally the same size and shape, with rounded toes and plain soles and heels. He also noted that the right shoe in both sets of prints revealed a round gouge in the sole near the ball of the right foot. An elongated gouge near the ball of the right foot showed up in some of the test prints but not in any of the suspect's prints.

No additional witnesses were called by the State. The defendant next testified in his own behalf. He denied that he had been near the burglarized store on the night in question, and he indicated that he had injured his ankle by hitting it against something while making the rounds of several taverns.

No measurements or photographs of the footprints were made. The two television sets reported stolen were never recovered. A stipulation was entered to the effect that none of the fingerprints found in the Goodyear store belonged to the defendant.

On appeal the defendant first contends that the circumstantial evidence presented by the State failed to prove by a preponderance of the evidence that he committed the burglary. We disagree.

Criminal offenses which serve as a basis for probation revocation need only be proved by a preponderance of the evidence and need not meet the beyond-a-reasonable-doubt standard. The evidence presented need not be clear and convincing. (*People v. Pavelich* (1979), 76 Ill. App. 3d 779, 395 N.E.2d 202.) The trial judge's determinations will not be disturbed on appeal unless they are contrary to the manifest weight of the evidence. Furthermore, the fact that a reviewing court might have reached a contrary result than that of the trier of fact is insufficient to serve as the basis for reversal. *People v. Cooper* (1977), 66 Ill. 2d 509, 363 N.E.2d 817.

■■ In the case at bar, we cannot say that the trial judge's determination was contrary to the manifest weight of the evidence, nor was his ruling to permit testimony by Officer Woodburn concerning the footprints erroneous, as the defendant alleges. Where the matter to be determined is one upon which the fact-finder is competent to make a decision, expert opinion is unnecessary and inadmissible. (*People v. Sanchez* (1973), 11 Ill. App. 3d 1079, 297 N.E.2d 230.) In the present case, evidence concerning the two sets of footprints did not warrant the services of an expert. For this reason, the trial judge correctly overruled the defendant's objections to the testimony of Officer Woodburn concerning the prints.

The defendant's shoes were admitted into evidence. At the close of all the evidence the trial judge examined the defendant's shoes and, in rendering a decision, made certain findings regarding the dissimilarity of

the markings made by the right shoe. Specifically, he suggested that the elongated gouge which showed up in some of the test prints but in none of the original prints was of recent origin and may have been made after the defendant's arrest.

The defendant contends that the effect of the trial judge's independent examination of the shoes was to produce new evidence against him, thereby denying him his constitutional right to confront the witnesses against him. This contention is without merit.

■■ The trial judge, sitting as a trier of fact, is entitled to weigh the evidence and judge the credibility of witnesses, drawing reasonable inferences from his assessment of each factor in the hearing. (*People v. Cooper.*) In the present case, the judge's viewing of the defendant's shoes was properly within the scope of his responsibilities as the trier of fact.

The defendant next contends that his sentence should be vacated and the cause remanded for resentencing because the trial judge failed to adequately specify his reasons for imposing a term of imprisonment upon the defendant.

Section 5—4—1(c) of the Unified Code of Corrections requires the trial judge to state on the record the factors which led to his sentencing determination. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c).) However, the judge need not slavishly follow the specific language of the sentencing statutes in stating his reasons. It is sufficient if substantial compliance with the relevant statutes is evident. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

■■ In the case at bar, a review of the record indicates that the trial judge knew of the defendant's past criminal history and of the defendant's apparent refusal to change the course of his life, despite being given an opportunity to do so. This knowledge, when combined with the nature of the instant offense, supports the trial judge's decision to impose a three-year term of imprisonment.

Lastly, the defendant argues that the trial judge considered an improper factor in aggravation during sentencing. One of the charges made against the defendant was possession of hypodermic needles. This charge was dismissed by the trial judge, who found the evidence of knowledge and use of the needles so tenuous as to be insufficient grounds for revocation of the defendant's probation. However, at the defendant's sentencing hearing, the judge questioned the defendant about the needles and indicated that in the court's opinion the defendant was in fact guilty of that offense.

The record indicates that the trial judge did consider the unproven possession charge in sentencing the defendant, but we find that the effect of this improperly considered aggravating factor was *de minimis* given the defendant's past criminal history and the nature of the instant burglary

offense. Any error resulting from the court's consideration of the improper factor was harmless, since the defendant's record warranted the imposition of the three-year term of imprisonment. The crime for which the defendant was sentenced (retail theft over $150) is a Class 3 felony. The sentencing range for a Class 3 felony is two years to five years. (Ill. Rev. Stat. 1979, ch. 38, par. 16A-10(3) and 1005—8—1.) The three-year sentence imposed was clearly not excessive.

■■ In so finding we note that the State is entitled to introduce a wide variety of evidence at the sentencing hearing to demonstrate the defendant's moral character, mentality, habits, age, natural inclination or aversion to commit crime, and the stimuli which motivates his conduct. (*People v. Mann* (1963), 27 Ill. 2d 135, 188 N.E.2d 665.) Evidence of other criminal activity may be used so long as that evidence is accurate and reliable. In this regard we note that some evidence of the possession charge against the defendant was presented in the instant case.

For the foregoing reasons, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.