THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIM RYAN, JR., Defendant-Appellant.

Second District     No. 2—94—0428

Opinion filed July 15, 1996.—Rehearing denied August 20, 1996.

Tim Ryan, Jr., of Warrenville, appellant *pro se.*

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorney's Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Tim Ryan, Jr., was convicted of criminal damage to property (over $300) (720 ILCS 5/21—1(1)(a), (2) (West 1994)). He

was sentenced to 24 months' probation. The defendant now appeals from the judgment of the circuit court revoking his probation and sentencing him to an additional term of probation. We affirm.

The defendant was convicted of criminal damage to property on November 27, 1990. On February 8, 1991, the trial court sentenced the defendant to 24 months' probation, a $500 fine plus costs, and 100 hours of public service. Further conditions of the defendant's probation were: (1) he maintain steady, gainful employment; (2) he participate in any evaluations and therapy deemed appropriate by the probation department, including evaluations for substance abuse; and (3) he report to the probation department as required. The defendant appealed, and the judgment of the trial court was affirmed. *People v. Ryan*, 244 Ill. App. 3d 1098 (1993) (unpublished order under Supreme Court Rule 23).

On September 24, 1992, the State filed a petition to revoke the defendant's probation. The petition alleged that the defendant failed to pay his fine and court costs; that he failed to maintain gainful employment; that he failed to report to his probation officer from May 1992 through August 1992; that he failed to perform his public service work; and that he failed to complete a substance abuse evaluation and counseling program as ordered by the probation department. The trial court determined that it did not have jurisdiction over the petition to revoke because the defendant's direct appeal was still outstanding at the time. The court directed the State to renotice its petition to revoke after the mandate of the appellate court had been issued.

The appellate court mandate was issued on November 10, 1993. On December 17, 1993, the trial court allowed the State to file a supplemental petition to revoke. In addition to the charges set forth in the first petition, the supplemental petition alleged that the defendant had failed to report to his probation officer from May 1992 through December 1993.

A hearing on the State's petition was conducted on February 3 and 4, 1993. At the hearing, the defendant's probation officer testified that the defendant had not reported to him for the period from May 1992 through December 1993. The officer testified that the defendant had completed 63.5 hours of public service by working at a local recycling plant. When the plant closed, the defendant failed to respond to letters advising him to contact the probation office regarding the completion of his public service. Moreover, the defendant had not paid approximately $300 in fines and costs. With regard to the substance abuse evaluation, the officer testified that the defendant had told him that the evaluation had been completed. However,

because the defendant had not paid for the evaluation, the evaluating service would not release its report to the probation office. In addition, the officer testified that the defendant had not obtained gainful employment. Although the defendant had incorporated a business called Court Crusade, Incorporated (Court Crusade), the defendant was a nonsalaried employee. The officer had discussed this employment with the defendant and had informed the defendant that while it may have been "employment" it was not "gainful employment" as contemplated by the probation order.

The defendant testified that he had reported to the probation office in May, June, and July 1992. He did not report in August 1992 because sheriff's deputies would not allow him inside the Du Page County courthouse while he was wearing a "breathing apparatus" and, because of the environmental problems within the building, the defendant could not enter the building without this apparatus. The defendant admitted that he did not report to the probation office from August 1992 through December 1993. The defendant further admitted that he had not paid the remaining fines and costs and had not paid for his substance abuse evaluation. He claimed that he lacked sufficient funds to do so.

The defendant testified that he had incorporated the business known as Court Crusade. He was the corporation's sole employee. The corporation's function was to provide assistance to *pro se* litigants in the Du Page County court system. At the time, the defendant was an unsalaried employee, but he expected the business to grow and hoped to receive a salary in the future. The defendant denied receiving any letters instructing him to contact the probation department about completing his public service hours. He stated that he felt that his assistance of an elderly disabled gentleman and his work at Court Crusade should count toward his completion of that portion of his sentence.

The trial court found that the defendant had violated his sentence of probation. On April 11, 1994, the court sentenced the defendant to an additional year of probation, the completion of his public service hours (36.5 hours), the completion of his substance abuse evaluation and counseling, and 180 days in jail. The written order provided that the defendant's jail term was "to begin 4-18-94 at 9 a.m. in 4006" and that the defendant's fine was "to stand." The defendant petitioned for a stay of the jail term portion of the judgment on April 15, 1994, but the trial court denied his motion. That order stated that "[t]he defendant shall appear 4-18-94 for surrender."

■ The defendant argues first on appeal that the trial court did not have jurisdiction over the petition to revoke probation because

his probationary period had ended by the time the State filed its petition.

Section 5—6—4(a) of the Unified Code of Corrections provides that personal service of a petition for violation of probation shall toll the period of probation and the term of probation shall not run until the hearing and disposition of the petition. 730 ILCS 5/5—6—4(a) (West 1994).

The State filed its initial petition to revoke probation on September 24, 1992, within the term of the defendant's probation. The defendant does not question the State's service of the petition upon him. The probationary period was, therefore, extended until the disposition of the State's petition, which occurred February 8, 1994. Thus, we hold that the trial court properly exercised jurisdiction over the State's petition.

■ Next, the defendant contends that numerous errors were made in the hearing on the State's petition to revoke.

The trial court's ruling on a petition to revoke probation will not be disturbed on appeal unless it is against the manifest weight of the evidence. *People v. Clark*, 268 Ill. App. 3d 810, 645 N.E.2d 590 (1995).

In the case at bar, the defendant admitted that he had failed to comply with many of the conditions of his probation. He failed to report to his probation officer[1], he failed to pay his fine and court costs, and he failed to pay for his substance abuse evaluation. Moreover, it is clear that the defendant failed to maintain "gainful" employment. In general, gainful employment is employment for which a person receives monetary remuneration. While the defendant may have received some intangible benefits from his employment with Court Crusade, he did not receive any money. Further, it appears that the defendant did not choose this employment in a rea-

---

[1]The court is struck by the defendant's assertion that he was not allowed into the Du Page County courthouse building while wearing a breathing apparatus. In light of the building's serious air-quality problems, we feel that it was not irrational for the defendant to seek to protect his health by wearing such an apparatus. Such a device is not unlike a wheelchair or a walker. Would the Du Page County sheriff's office deny admission to an individual using either of these devices? Then neither should it deny admission to the defendant while wearing a breathing apparatus. Moreover, we believe that the defendant would be within his first amendment rights to wear the breathing apparatus as a sign of protest over the deficiencies in the building's air quality. Our opinions on this matter, however, do not affect our resolution of this case because it is quite clear that even when the probation department was no longer housed in the "sick" building, the defendant failed to report to his probation officer.

sonable, good-faith attempt to satisfy the terms of his probation. In fact, he was told that his employment at Court Crusade would not be considered gainful employment. Still, he persisted in maintaining that employment to the exclusion of other opportunities. As a consequence, we find that the defendant was not gainfully employed.

The defendant cites numerous alleged errors in the hearing on the State's petition to revoke his probation. However, we find that the State proved a sufficient basis for revoking the defendant's probation notwithstanding any of the claimed errors. Thus, even if the trial court committed error, such error would be harmless. See *People v. Lomas*, 92 Ill. App. 3d 957, 416 N.E.2d 408 (1981). We hold, therefore, that the trial court's revocation of the defendant's probation was not against the manifest weight of the evidence.

■ Third, the defendant claims that the trial court's sentence was excessive.

Sentencing is a matter of judicial discretion, and the trial court's sentence will not be disturbed on appeal absent an abuse of that discretion. *People v. Pollard*, 225 Ill. App. 3d 970, 589 N.E.2d 175 (1992).

In the case at bar, the trial court sentenced the defendant to an additional term of probation and required him to complete those conditions of his earlier term which he had left undone. In addition, the court sentenced the defendant to 180 days in jail. Given the defendant's obstructive and evasive behavior with regard to the completion of his earlier term of probation, we find no abuse of discretion in this sentence. We hold, therefore, that the sentence imposed by the trial court was not excessive.

■ Finally, the defendant claims that on three different occasions the State egregiously misrepresented the trial court's oral sentencing order when it completed the written sentencing order.

The first occasion cited by the defendant involves the sentence imposed on February 8, 1991. However, since that issue could have been raised in the defendant's direct appeal, the judgment of the appellate court is *res judicata* as to this claim. See *People v. Neal*, 142 Ill. 2d 140, 568 N.E.2d 808 (1990).

The second occasion on which the defendant claims that the State misrepresented the court's sentencing order was April 11, 1994. The defendant claims that the court did not order him to complete payment of the fine and court costs assigned to him on his first probationary term but that the State provided that this amount was "to stand" in the sentencing order.

If the written sentencing order is not inconsistent with the intent, sense, and meaning of the oral pronouncement of sentence, then the

written sentence may be enforced. *People v. Smith*, 242 Ill. App. 3d 399, 609 N.E.2d 1004 (1993). In the case at bar, it is clear that the trial court intended to require the defendant to complete those conditions of his earlier probationary period which he had failed to complete. These conditions included the fulfillment of his public service commitment, the completion of his substance abuse evaluation and counseling, and the payment of the fines and costs incurred. It is clear, then, that the written sentencing order is consistent with the intent, sense, and meaning of the court's oral pronouncement. Therefore, we hold that the written order of April 11, 1994, may be enforced.

The third sentencing order challenged by the defendant was filed on April 15, 1994. The defendant claims that the State intentionally misled him by failing to include in that order the time and place at which he should surrender to begin his jail term. While it is true that the April 15 order does not include these details, the time and place of the defendant's surrender are clearly set forth in the court's order of April 11. The defendant knew, or should have known, these facts, and he has presented no evidence which established that the State intended to mislead him by failing to include them in the April 15 order.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McCUSKEY and MICHELA, JJ., concur.