The People of the State of Illinois, Plaintiff-Appellee, *v.* James L. Burkett, Defendant-Appellant.

(No. 71-39;

Fifth District—April 19, 1974.

*Rehearing denied May 27, 1974.*

Robert E. Farrell and Robert E. Davison, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald F. Conaway, State's Attorney, of Carlyle, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

In August, 1968, the appellant was charged with two counts of burglary. He waived indictment and pleaded guilty to one count. The other was nolle prossed. He was sentenced to 5 years' probation. In July, 1970, the State filed a petition to revoke defendant's probation alleging that defendant attempted to burglarize a tavern. After a hearing on the petition to revoke, his probation was revoked and he was sentenced to 2 to 20 years in the penitentiary. In 1971 the defendant was granted leave to appeal the revocation of probation by this court. Later in 1971 he sought post-conviction relief. This was denied and has also been appealed. The issues in both appeals have been consolidated and are before the court. These issues are:

1. Whether defendant was properly admonished prior to the acceptance of his plea of guilty.
2. Whether the State met its burden of proof at the probation revocation proceeding.
3. Whether the sentence imposed upon defendant following revocation of probation is excessive.

■■ The defendant maintains that he was not properly informed about the nature of the charge of burglary and that the maximum possible penalty was not properly explained to him. The record shows that during arraignment the elements of burglary were adequately stated by the judge. It is true that during the same proceeding and after nolle prossing one charge of burglary on motion of the State's Attorney, the judge again informed the appellant of the charge and in this instance did not mention all the elements of burglary. However, both statements, the one in which

the judge did state these elements and the one in which he did not, occurred as part of one process and within a few minutes' time. It was as though all that was said was part of the same colloquy. Under the circumstances we do not see how the appellant could have been misled nor could have failed to have been informed. We hold, therefore, that there was an adequate explanation of the charge.

It is true that the original transcription in the record indicates an inadequate explanation by the judge of the maximum penalty. According to the record the judge stated that the penalty for burglary was "\* \* \* not less than one year and with a maximum of a number of years." This statement was found to have resulted from an error in transcription and should have read not less than 1 year "with a maximum of any number of years in the penitentiary." In view of this correction in the record we must conclude that what the appellant heard was in accord with the penalty for burglary prior to the effective date of the Code of Corrections and was a proper explanation of the maximum penalty.

■■■ Appellant maintains that the State failed to prove by a preponderance of the evidence at the probation revocation hearing that he was guilty of attempted burglary. The law is now established in Illinois that a violation of the conditions of probation need be proved by only a preponderance of the evidence (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—6—4(c)). Also, it is well settled that a defendant need not be indicted, prosecuted or convicted for the offenses which are the basis for revocation of probation (People v. Mosley, 2 Ill.App.3d 375; People v. Crowell, 53 Ill.2d 447). Appellant argues that in the instant case the State failed to show that the building allegedly sought to be entered contained anything which would be the subject of a theft, saying that there was no showing that the tavern was in operation or that it contained any property. It might have been an abandoned building. Also, appellant maintains that by failing to allege ownership of the tavern the State failed to show that defendant did not have authority to enter the tavern. At the probation revocation hearing the State produced evidence that the tavern had been broken into before, the last time quite recently, and that therefore the police had been observing it. In the small hours of the morning on July 27, 1970, two figures were observed approaching the tavern. Later they were observed crawling around on its roof, jumping to the ground and running away. Warning shots were fired and the suspects were instructed to halt. The suspects continued running, part of the time in view and part of the time out of the view of the police. The appellant was apprehended in a vacant lot near the tavern when he ran toward a policeman. The policeman testified that the appellant dropped a crowbar and a screwdriver when apprehended. Pry marks on

a window of the tavern corresponded with the crowbar the appellant dropped. Appellant stated that he was living near the tavern and was walking to a filling station for a pack of cigarettes. Certainly in view of these statements from the record, of the fact that only a preponderance of evidence is necessary, and of the established rule that the defendant need not be indicted, prosecuted or convicted for attempted burglary, it was not unreasonable for the court to believe that the appellant was involved in an attempted burglary and that his probation should be revoked.

■■ Appellant maintains that the sentence was excessive. Prior to the effective date of the Unified Code of Corrections the sentence for burglary was from 1 year to life in the penitentiary. In 1970 when the defendant's probation was revoked, the sentence of 2 to 20 years was within the statutory limit. Under the Unified Code of Corrections, burglary is a Class II Felony for which the minimum term of imprisonment is 1 year and the maximum from 1 to 20 years. In view of *People v. Shadowens*, 10 Ill.App.3d 450, holding that an appeal from a probation revocation places the defendant under the terms of the new Code, we feel that this case should be remanded for a sentencing hearing and imposition of a sentence in accordance with provisions in that Code. We think this is particularly appropriate since under the new Code the minimum sentence must be 1 year unless the court, "having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term * * *." (Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(3).) Also, in imposing the 20-year maximum sentence the trial judge said to the appellant, "now the maximum might be a little high, but that is within your control."

For the above reasons, the cause is remanded to the Circuit Court of Clinton County with directions that the defendant be resentenced.

Affirmed in part, reversed in part and remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.