THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CECIL JEROME MATTHEWS, Defendant-Appellant.

Fourth District   No. 4—87—0434

Opinion filed February 3, 1988.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On August 22, 1985, in Macon County circuit court, Cecil Jerome Matthews was convicted of burglary in violation of section 19—1(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)). He received two years' probation. His probation was revoked May 12, 1987, based on a failure to report to his probation officer and a charge of retail theft in violation of section 16A—3(a) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 16A—3(a)). He was sentenced to four

years' imprisonment. He appeals, contending the retail theft charge was not proved by a preponderance of the evidence and that, accordingly, the sentencing order must be vacated and a new sentencing hearing held. We affirm the decision of the circuit court.

The probation order entered September 13, 1985, ordered defendant, *inter alia*, to report to his probation officer as directed and to refrain from violating any criminal statute. Three reports of violation were filed relative to defendant's probation. The first, filed January 24, 1986, concerned the possession of a controlled substance and was later withdrawn on the State's motion. The second report, filed February 7, 1986, stated defendant violated his probation order by failing to report to his probation officer after October 9, 1985. That violation was proved and is not at issue in this appeal. The third report, filed April 28, 1986, stated defendant had committed retail theft in violation of section 16A—3(a) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 16A—3(a)).

At the May 1, 1987, hearing, Gregory Rieck, a security officer at the Venture Store in Decatur, testified that on December 10, 1985, he observed defendant put on a coat and leave the store.

"Q. [Assistant State's Attorney]: OK, and at that time did anything unusual—excuse me, did you observe anything unusual?

A. Yes, I did.

Q. Would you tell the court what that was, please?

A. I was watching four subjects from our security tower.

Q. And what, if anything, did you see?

A. I witnessed a subject placing a coat on him and exiting the store.

Q. And what type of coat was that?

A. It was what we call a Midwest Trailer, brand name type of coat.

Q. OK, and do you recall the price of the coat?

A. Sixty nine ninety five.

Q. What type of store is Venture's?

A. A discount store.

Q. Retail sales?

A. Yes.

Q. OK, and did you observe this subject pay for the coat?

A. No, I didn't."

Rieck identified defendant as the person he observed. Defendant's counsel did not cross-examine the witness. The judge then questioned Rieck:

"THE COURT: Alright. Let's see if I understood this. You are at Venture's?

A. Yes.

Q. You are security?

A. Yes.

Q. You observed this person take a coat and put it on?

A. Yes sir.

Q. You didn't see him pay for it?

A. No sir, I didn't.

Q. That is the substance of your testimony, right?

A. Yes, it is."

The matter was continued to May 12, 1987, at which time evidence was heard on the failure to report. Defendant presented no evidence. During argument the judge stated:

"THE COURT: *** My recollection was that the evidence was not artfully presented as to closing all doors as to all possibilities of any mistake as far as retail theft. On the other hand, my recollection was he [Rieck] observed him, he observed he took the article, he put it on, then he observed him leaving. The question I think was, 'Did you see him pay for it?' No, he did not. My finding is as to the retail theft that it was sufficient to satisfy the burden of proof by the preponderance of the evidence."

The court sentenced defendant to four years' imprisonment May 26, 1987. Defendant filed his notice of appeal June 24, 1987.

The dispute in this case rests solely on the sufficiency of Rieck's testimony. Defendant argues the evidence was cursory; the State contends the testimony was strong enough to support a finding of violation by a preponderance of the evidence.

■ Revocation of probation is governed by section 5—6—4(c) of the Unified Code of Corrections (Code), which provides:

"(c) The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(c).)

"Preponderance of the evidence" is defined as whether, considering all the evidence in the case, the proposition on which the party has the burden of proof is more probably true than not true. See Illinois Pattern Jury Instructions, Criminal, No. 4.18 (2d ed. 1981).

■ Although the finding in a probation revocation proceeding is subject to review, a reviewing court will not and should not disturb that finding unless it is contrary to the manifest weight of the evidence. (*People v. Houston* (1987), 118 Ill. 2d 194, 514 N.E.2d 989.) A finding is against the manifest weight of the evidence when a contrary

result is clearly evident. *Burnham City Hospital v. Human Rights Comm'n* (1984), 126 Ill. App. 3d 999, 467 N.E.2d 635.

Defendant relies upon *People v. Leigh* (1976), 45 Ill. App. 3d 563, 359 N.E.2d 1059, in which the trial court revoked defendant's probation based on proof that she committed felony theft at her place of employment. This court reversed. The State did not produce eyewitnesses who could establish defendant took money from the currency exchange where she worked. There was testimony that shortages occurred regularly, and disputed evidence existed relating to whether defendant admitted she took the money. The court viewed the evidence as vague and insufficient to establish the offense by a preponderance of the evidence.

■ Here, there is no confusion or vagueness in the evidence as occurred in *Leigh*. Eyewitness Rieck testified he saw defendant put on the coat and leave the store. While defendant is correct in pointing out the lack of specifics in Rieck's testimony, defendant failed to cross-examine Rieck to elicit any such evidence.

*People v. Heidorn* (1983), 114 Ill. App. 3d 933, 449 N.E.2d 568, lends support to the State's argument. The defendant in *Heidorn* was continuously observed after the stock clerk placed a television set in defendant's shopping cart. A security agent and store employee testified defendant had passed through one set of exit doors and was seen not paying for the set. The reviewing court found sufficient evidence of intent to affirm the theft conviction. Here, defendant was observed putting on the coat, not paying for it, and leaving the store, though the record does not reflect where or under what circumstances defendant was apprehended. Similar evidence considered under a reasonable doubt standard was enough to convict in *Heidorn*. The evidence here indicates it was more probably true than not true that defendant committed retail theft. It is sufficient to justify a finding of probation violation under a preponderance of the evidence standard.

Although the State's evidence was thin, we cannot say an opposite conclusion was clearly evident. The trial judge's decision was not against the manifest weight of the evidence. As our decision on this issue disposes of the matter, we need not address defendant's additional contention. Accordingly, we affirm the judgment of the circuit court of Macon County.

Affirmed.

LUND and KNECHT, JJ., concur.