THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WARREN WOZNICK, Defendant-Appellant.

Fourth District    No. 4—95—0204

Argued January 23, 1996.—Opinion filed March 22, 1996.

Daniel D. Yuhas and Michele A. Knapp (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, James Majors (argued), and James L. Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On January 7, 1994, defendant pleaded guilty to unlawful possession of cannabis in violation of section 4(d) of the Cannabis Control Act (720 ILCS 550/4(d) (West 1992)) and was sentenced to 18 months' probation. On August 15, 1994, a petition to revoke probation was

filed based on defendant's subsequent arrest for theft (720 ILCS 5/16—1 (West 1994)). Following hearings held in November and December 1994, defendant's probation was revoked and he was sentenced to three years' imprisonment. The trial court denied defendant's motion to reconsider sentence. On appeal, defendant contends there was insufficient evidence to support the revocation of his probation. We disagree and affirm.

At the hearing to revoke probation, Officer Estes of the Champaign police testified that he was dispatched to Osco Drug on Green Street in Champaign at 8:50 a.m. in response to the defendant's request for police assistance because he believed he was being followed. Officer Estes was familiar with the defendant from prior dealings—he believed him to be mentally unstable and knew he had a criminal history. When Estes arrived at Osco's parking lot, defendant was standing in front of the store. As defendant approached the squad car, Estes noticed that defendant's shirt was untucked and there appeared to be bulges in his pants pockets. Estes told defendant he wanted to pat him down for weapons. In defendant's left pocket he felt a three- to four-inch hard object which Estes discovered was a brass owl figurine. The figurine contained two price tags on the bottom, neither of which indicated the owl came from Osco. There were various papers and other items in defendant's pocket but no receipt for purchase of the owl. Estes asked defendant if he had stolen the owl from Osco and defendant told him he had. Estes went inside Osco to see if the manager wanted to press charges. When he returned he placed defendant under arrest. The trial court found the State had sustained its burden of proving the petition for revocation of probation by a preponderance of the evidence and sentenced defendant to three years' imprisonment with credit for 24 days served.

Defendant argues that the State did not prove that defendant had committed theft, noting that the only evidence of that crime was defendant's confession. Defendant cites the long-existing rule that an extrajudicial confession or admission of the accused is alone insufficient to sustain a conviction, which must be corroborated by some evidence, exclusive of the confession, tending to show that a crime, or the *corpus delicti*, did occur. *Bergen v. People*, 17 Ill. 426, 428-29 (1856); *People v. Willingham*, 89 Ill. 2d 352, 358, 432 N.E.2d 861, 864 (1982). Defendant points out that the offense of theft is proved by establishing that a person knowingly exerted unauthorized control over property of the owner (720 ILCS 5/16—1(a) (West 1992)) and no evidence of Osco's ownership of the owl figurine has been shown.

The State contends that the owl figurine itself is corroborating evidence of the facts contained in the confession and that it may be

considered along with the confession in establishing the *corpus delicti*. The State analogizes the facts in this case to *People v. Matthews*, 165 Ill. App. 3d 342, 519 N.E.2d 126 (1988), a case involving revocation of probation, wherein a security guard for a retail store testified that he saw the defendant put on a coat and leave the store without paying for it. While noting that the State's evidence was "thin," this court found the evidence indicated it was more probably true than not that defendant committed retail theft. *Matthews*, 165 Ill. App. 3d at 345, 519 N.E.2d at 128-29. That case, however, involved the question of whether there was sufficient evidence to show a crime had been committed by defendant and not whether a voluntary confession requires corroboration in a revocation of probation proceeding. Our research has disclosed no cases wherein the *corpus delicti* rule has been applied in anything other than criminal proceedings and its application to probation revocation cases is an issue of first impression in this State. See *In re R.D.*, 178 Ill. App. 3d 681, 685, 533 N.E.2d 1121, 1124 (1989) (court did not decide whether the defendant's extrajudicial admissions alone would satisfy a preponderance of the evidence since other evidence corroborated the admissions).

■ A probation revocation proceeding is not a criminal adjudication of the defendant's guilt or innocence (*People v. Allegri*, 109 Ill. 2d 309, 313, 487 N.E.2d 606, 607 (1985)), and the defendant need not be indicted, prosecuted, or convicted of the offense supporting the petition for revocation (*People v. Burkett*, 19 Ill. App. 3d 410, 412, 311 N.E.2d 748, 750 (1974)). Rather, probation revocation is in the nature of a civil proceeding arising in the wake of a previous conviction and sentence of probation, and it is the violation of the previously imposed conditions of probation, and not the commission of a culpable offense, which must be proved. Proof of a violation of probation need only be shown by a preponderance of the evidence (730 ILCS 5/5—6—4(c) (West 1992)), and the trial court's finding will not be disturbed unless it is against the manifest weight of the evidence (*People v. Houston*, 118 Ill. 2d 194, 199, 514 N.E.2d 989, 992 (1987)).

Other jurisdictions have addressed the use of admissions or confessions in probation revocation proceedings. In both *State v. Sanchez*, 109 N.M. App. 718, 720, 790 P.2d 515, 517 (1990), and *Commonwealth v. Kavanaugh*, 334 Pa. Super. 151, 162, 482 A.2d 1128, 1133 (1984), the New Mexico and Pennsylvania courts expressly held the *corpus delicti* rule inapplicable in cases of probation revocation proceedings. Other courts have found the defendant's confession to a crime or admissions of probation violations were alone sufficient to support revocation of probation. See *Smith v. State*, 504 N.E.2d 333,

334 (Ind. App. 1987); *State ex rel. Russell v. McGlothin*, 427 So. 2d 280, 282 (Fla. App. 1983); *McQueen v. State*, 740 P.2d 744, 745 (Okla. Crim. App. 1987).

We agree with the decisions of these other jurisdictions. The *corpus delicti* rule pertains to the substantive proof requisite in a criminal proceeding. It has no application in probation revocation proceedings and a trial court may revoke a defendant's probation based solely on defendant's voluntary confession or reliable extrajudicial admission that he violated the conditions of his probation. In view of our holding, we conclude the defendant's confession to theft of the owl figurine was sufficient evidence to support revocation and the trial court's decision was not against the manifest weight of the evidence.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.