THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VINCENT WILLIAMS, Defendant-Appellant.

Fourth District    No. 4—98—0313

Opinion filed February 22, 1999.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, defendant, Vincent Williams, pleaded guilty to unlawful possession of a stolen vehicle (625 ILCS 5/4—103(a)(1) (West 1996)), a Class 2 felony, and the trial court sentenced him to two years' probation. In December 1997, the State filed a petition to revoke defendant's probation, alleging that defendant violated his probation by committing aggravated battery and resisting a peace officer (720 ILCS 5/12—4(b)(6), 31—1 (West 1996)). In March 1998, the court conducted a hearing, found in favor of the State and against defendant on the petition, revoked his probation, and resentenced him to four years six months in prison.

Defendant appeals, arguing that (1) the evidence against him in the revocation hearing was not "clear beyond argument" and therefore the trial court erred by revoking his probation; and (2) the trial court abused its discretion by imposing a sentence greater than the minimum. We affirm.

## I. BACKGROUND

The State's petition to revoke defendant's probation alleged that he violated a condition of his probation by committing (1) a battery against Jody Cherry, a person defendant knew to be a peace officer engaged in his lawful duties, and (2) the offense of resisting a peace officer. In January 1998, the trial court conducted a hearing on the State's petition at which Cherry and Officer Mark Huckstep testified that, on the day in question in October 1997, they were patrolling a high-crime area in a marked squad car when they saw defendant standing by the driver's window of a stopped car. Defendant had his hands in the car and was looking around "very heavily." When the patrol car approached defendant, he left on his bicycle.

The officers drove alongside defendant's bicycle and Cherry told defendant to stop. Defendant did not stop but proceeded to his house. At defendant's house, Cherry exited the car and pursued defendant into the garage on foot. Cherry caught defendant at the door connecting the garage to the house, and a struggle ensued. Cherry testified that he grabbed defendant by the left arm, and defendant swung his right arm back and then forward, striking Cherry in the head. As a result, the radio earpiece that Cherry was wearing was broken, Cherry's ear was cut, and the blow left a red mark on Cherry's face. At that point, defendant slipped out of his jacket and proceeded into the house.

Huckstep's testimony regarding the struggle in defendant's garage corroborated Cherry's description of the incident. Huckstep's view was partially blocked, and he could not see defendant punch Cherry. However, immediately afterward, Huckstep noticed that Cherry's earpiece was broken and that his ear was bleeding.

Defendant's mother testified that she resided with defendant and was in the living room when defendant rode up to the garage on his bicycle, pursued by Cherry. She testified that she saw defendant slip out of his jacket and enter the house but she did not see defendant hit Cherry.

Defendant testified that he did not hit Cherry. However, defendant did not deny that Cherry's ear was cut in the struggle. When asked how Cherry's ear got cut, defendant responded that it might have happened when he slipped out of his jacket and got away from Cherry.

After considering the evidence and arguments of counsel, the trial court found that the State had proved by a preponderance of the evidence that defendant had resisted a peace officer and had committed aggravated battery in violation of his probation conditions.

In April 1998, the trial court conducted a resentencing hearing. After reviewing the presentence report and hearing the arguments of

counsel, the court revoked defendant's probation and sentenced him to four years six months in prison.

This appeal followed.

## II. ANALYSIS

Defendant appeals, arguing that (1) the evidence against him in the revocation hearing was not "clear beyond argument" and therefore the trial court erred by revoking his probation; and (2) the trial court abused its discretion by imposing a sentence greater than the minimum. We disagree.

### A. Defendant's Purported "Clear Beyond Argument" Standard

Defendant first contends that the State's evidence at the revocation hearing does not support the trial court's findings. Specifically, defendant claims that the State's evidence must be "clear beyond argument" to meet its burden of proving the allegations in the revocation petition by a preponderance of the evidence. We disagree.

■ A probation revocation proceeding is in the nature of a civil proceeding arising in the wake of a previous conviction and sentence of probation, and the violation of previously imposed conditions of probation, not the commission of a culpable offense, must be proved. Accordingly, the State's burden of proof at such a proceeding is preponderance of the evidence. 730 ILCS 5/5—6—4(c) (West 1996); *People v. Woznick*, 278 Ill. App. 3d 826, 828, 663 N.E.2d 1037, 1038 (1996).

■ We will not disturb the trial court's findings in a proceeding to revoke probation unless they are against the manifest weight of the evidence. *Woznick*, 278 Ill. App. 3d at 828, 663 N.E.2d at 1038-39; *People v. Ryan*, 283 Ill. App. 3d 165, 169, 669 N.E.2d 623, 626 (1996). When the evidence is controverted, the trial court, which sits as the trier of fact, has the function of weighing the evidence, assessing the credibility of the witnesses, and drawing reasonable inferences from the testimony presented. We will not substitute our judgment for that of the trial court when the evidence is merely conflicting. *People v. Crowell*, 53 Ill. 2d 447, 451-52, 292 N.E.2d 721, 723 (1973).

Although defendant concedes the foregoing principles of law, he nonetheless claims that the standard, "a preponderance of the evidence," means "clear beyond argument." In so claiming, he relies on the following language from *People v. Welch*, 78 Ill. App. 3d 184, 186, 397 N.E.2d 94, 96 (1979):

> "Counsel for defendant properly concedes that the violation with which a probationer is charged must be proved by a preponderance of the evidence and not beyond a reasonable doubt. [Citation.] This proposition of law has been described as 'clear beyond argument.'

*People v. Reese*[,] 37 Ill. App. 3d 820, 826, 347 N.E.2d 451[, 456 (1976)]."

However, what *Reese* actually said was that "the law today is clear beyond argument that in a proceeding for violation of probation predicated upon commission of a crime, proof of the pertinent facts by a preponderance of the evidence is sufficient." *Reese*, 37 Ill. App. 3d at 826, 347 N.E.2d at 456.

Obviously, these authorities do not support defendant's argument. To the contrary, they merely emphasize that the proper burden of proof in a proceeding to revoke probation is preponderance of the evidence. The language "clear beyond argument" was not inserted in *Reese* to explain what the burden of proof should be. Instead, that language merely emphasized just how firmly established is the principle of law that the State need prove its allegations in a hearing to revoke probation only by a preponderance of the evidence and not by some higher standard.

■ Accordingly, defendant's argument—namely, that we must reverse the trial court's finding because the State's evidence was "controverted and inconsistent"—has no merit. Applying the proper standard of review to the evidence presented at trial, we conclude that the trial court's finding that the State had proved the allegations of the State's petition to revoke probation by a preponderance of the evidence was not contrary to the manifest weight of the evidence.

## B. Defendant's Sentence

Last, defendant argues that the trial court abused its discretion by sentencing him to greater than the minimum sentence of three years in prison. We disagree.

■ The trial court has broad discretion when imposing a sentence and is in a better position than a reviewing court to assess the credibility of witnesses and to weigh the evidence presented at a sentencing hearing. When a trial court imposes a sentence within the statutory range permissible for the defendant's offense, this court will give great deference to that decision and not disturb it absent an abuse of discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74, 659 N.E.2d 1306, 1308 (1995); *People v. Brink*, 294 Ill. App. 3d 295, 303, 690 N.E.2d 136, 141 (1998).

■ Defendant was initially convicted in this case of unlawful possession of a stolen vehicle, a Class 2 felony (625 ILCS 5/4—103(b) (West 1996)). The trial court may sentence a defendant convicted of a Class 2 felony to a prison term ranging from three to seven years. 730 ILCS 5/5—8—1(a)(5) (West 1996). Defendant contends that the trial court erred by not imposing the minimum sentence because this is his

first term of imprisonment. However, as noted by the trial court, this was not defendant's first conviction nor even his first felony. The court appropriately considered defendant's criminal history and the need for deterrence as factors in aggravation (730 ILCS 5/5—5—3.2(a)(3), (a)(7) (West Supp. 1997)) and then imposed a prison sentence midway through the statutory range. After reviewing the record in accordance with the appropriate standard of review, we conclude that the trial court appropriately acted within its discretion in sentencing defendant. *Brink*, 294 Ill. App. 3d at 303, 690 N.E.2d at 141.

## III. CONCLUSION
For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GARMAN and MYERSCOUGH, JJ., concur.