COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Clements
Argued by teleconference


ROBIN L. DOWNEY

                                                        OPINION BY
v.        Record No. 1936-10-2            JUDGE ROBERT J. HUMPHREYS
                                                        OCTOBER 25, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

        Mark E. Englisby (Englisby, Vaughn & Slone, on brief), for
        appellant.

        John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
        II, Attorney General, on brief), for appellee.


        Robin L. Downey ("Downey") appeals the revocation and re-suspension of her

previously suspended sentences on six felony convictions in the Circuit Court of the County of

Chesterfield ("circuit court"). Downey alleges the circuit court erred in finding the evidence

sufficient to prove Downey violated the conditions of her probation "when the only evidence of

any violation was her own uncorroborated statement." For the reasons that follow, we affirm the

circuit court's judgment in this matter.

I.  Background

        On December 15, 2008, the circuit court sentenced Downey to a total of thirteen years in

the penitentiary for her convictions on one count of possessing cocaine and five counts of

passing a worthless check. The circuit court suspended all thirteen years and placed Downey on

supervised probation, indefinitely. On March 17, 2009, the circuit court granted a show cause

request and issued a capias ordering Downey's arrest for violating her probation. By order dated

May 14, 2009, the circuit court revoked and re-suspended Downey's thirteen-year sentence and again placed her on probation for an indeterminate period.

On June 2, 2009, Downey's probation officer, James G. Brown ("Brown"), sent a letter to the circuit court requesting the issuance of a show cause against Downey for making "a poor adjustment to supervision." Brown specifically explained that Downey "is a severe alcoholic and to date, cannot refrain from using alcohol on her own." Brown's letter stated that whereas Downey was told to refrain from using alcohol during her initial interview with Brown, she "admitted to consuming alcohol on numerous occasions during a [subsequent] interview with Brown on June 1, 2009." Brown requested that Downey be removed from active probation and placed on unsupervised probation with instructions to appear back before the court in one year, because Downey planned to attend an inpatient substance abuse center in Kentucky.

In response to Brown's letter, the circuit court held a show cause hearing on June 29, 2009.[1] Brown conceded at the hearing that Downey did not test positive "for any alcohol screens" on June 1, 2009, and that he did not detect any odor of alcohol about Downey's person at that time. When Brown met with Downey on June 1, 2009, she "was clean and sober." Brown, thus, admitted that the only basis for his request for a show cause was Downey's admission that she had consumed alcohol. The Commonwealth presented no further evidence in support of its contention that Downey had violated her probation.

Upon the conclusion of the evidence, Downey argued "this, of course, is a new criminal charge." Downey explained that "whenever a criminal defendant admits to something that's the basis of the crime itself, the Commonwealth needs to, on top of that, have some slight corroboration that she has committed the offense and there is no evidence of that." Downey

---

[1] The Honorable William R. Shelton presided over the June 29, 2009 probation violation hearing.

asked the judge to find her "not guilty" of the show cause and to follow along with Brown's recommendation that she be placed on unsupervised probation for one year.

The circuit court found that Downey violated the terms of her probation and suspended the imposition of sentencing for twelve months on the condition that Downey is "to go and successfully complete" her inpatient program.

On September 2, 2010, Downey appeared before the circuit court for sentencing. At that time, Downey renewed her objection to the circuit court's finding that she violated the terms of her probation, again arguing that the evidence was insufficient for a finding of guilt solely upon Downey's uncorroborated statement that she used alcohol. Downey submitted a letter from the Wayside Christian Mission in Kentucky affirming the fact that Downey was admitted to their inpatient program on July 1, 2009, and that she completed the 12-step part of the program. The letter from Wayside also stated, however, that while in her after-care program, Downey "was abusing medications" and she "was asking other clients for their medications as well." Downey was allowed to start the program over, but then "decided not to continue after it was discovered that she was displaying the same behavior as before."

The Commonwealth argued Downey's concession that she consumed alcohol on June 1, 2009, was "clearly a sufficient basis for a violation of probation." The only question, according to the Commonwealth, was "what to do about it." The circuit court agreed, and reiterated that Downey was in violation of the terms of her probation. The court, thus, revoked each of Downey's previously suspended sentences and then re-suspended each sentence "under the same terms and conditions the Court has previously directed."

Downey noted this appeal.

II.  Analysis

Downey argues on appeal that the circuit court erred in finding the evidence sufficient to support the conclusion that Downey violated the terms of her probation "when the only evidence of any violation" was Downey's "own uncorroborated statement."  We disagree.

Whether the evidence is sufficient "'to sustain an order of revocation'" of a prior criminal conviction is a matter that rests "'within the sound discretion of the trial court.'"  Whitehead v. Commonwealth, 278 Va. 105, 116, 677 S.E.2d 265, 271 (2009) (quoting Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976)).  The court's "'finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.'"  Id. at 116, 677 S.E.2d at 271.  "'The discretion required is a judicial discretion, the exercise of which implies conscientious judgment, not arbitrary action.'"  Id.  In such cases, the court "is given a wide discretion in the determination of the sufficiency of the cause for revoking the suspension," Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946), taking into account "the law and the particular circumstances of the case," id. at 367, 38 S.E.2d at 484 (citation omitted).

At oral argument, Downey conceded that to prevail in her assignment of error, she would have to persuade us on two points:  first, that a revocation proceeding is the equivalent of a criminal trial such that the common law rule - that the *corpus delicti* of a crime must be based upon more than a defendant's uncorroborated statement - applies, and second, that the common law has not been superseded by the action of the General Assembly in enacting Code § 19.2-308(A).

To resolve this issue, we need only decide the first point.  As Downey correctly notes, a revocation hearing is a "criminal proceeding," Green v. Commonwealth, 263 Va. 191, 196, 557 S.E.2d 230, 233 (2002), for which a criminal defendant "is entitled to a judicial hearing,"

- 4 -

Slayton, 185 Va. at 365, 38 S.E.2d at 483.  Downey also correctly notes that "in every criminal prosecution," the Commonwealth must prove by its evidence "the element of *corpus delicti* – that is, the fact that the crime charged has been actually perpetrated."  Morning v. Commonwealth, 37 Va. App. 679, 685, 561 S.E.2d 23, 25 (2002).  To that end, we have held "'where the commission of the crime has been fully confessed by the accused only slight corroborative evidence is necessary to establish the *corpus delicti*.'"  Id. (quoting Hamm v. Commonwealth, 16 Va. App. 150, 157, 428 S.E.2d 517, 522 (1993)).

> A conviction cannot be based solely on the uncorroborated statement of a person that a crime has occurred and that he committed it.  The *corpus delicti* cannot be established by a confession of the accused uncorroborated by any other evidence.

Hamm, 16 Va. App. at 157, 428 S.E.2d at 522.  Downey reasons that, because Downey's admission to Brown that she consumed alcohol was uncorroborated by any additional evidence, the circuit court erred as a matter of law in finding the evidence sufficient to convict her of what she asserts is the criminal charge of violating the terms of her probation.

Downey's argument is interesting, but unavailing.  Indeed, it is well settled that "[p]robation revocation hearings are not a stage of criminal *prosecution* and therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal" trial.  Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (emphasis added) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)).  In fact, "probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals."  Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982).  While a probation revocation hearing is a criminal proceeding, it is not a criminal trial, and, therefore, "'formal procedures and rules of evidence are not employed.'"  Davis, 12 Va. App. at 84, 402 S.E.2d at 686 (quoting Scarpelli, 411 U.S. at 789).  Rather, "the process of revocation hearings 'should be flexible enough to consider evidence . . . that would

not be admissible in an adversary criminal trial.'" Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972))." It follows,

> "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part. 'A trial court has broad discretion to revoke a suspended sentence . . . based on Code § 19.2-306, which allows a court to do so for *any cause* deemed by it sufficient.'"

Word v. Commonwealth, 41 Va. App. 496, 504, 586 S.E.2d 282, 286 (2003) (emphasis added) (quoting Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002)).[2] In other words, while evidence of a new criminal offense may be relevant and admissible in a probation revocation hearing, the hearing itself is "not a trial for the commission of a new criminal offense," and, therefore, "the alleged violation by the probationer of the conditions of the suspension of sentence need not be proven beyond a reasonable doubt." Slayton, 185 Va. at 366, 38 S.E.2d at 483. For this reason, Downey's reliance on the rule requiring the Commonwealth to prove the *corpus delicti* in a criminal prosecution is misplaced. That particular rule would apply only to the Commonwealth's prosecution of Downey's underlying felonies or for new criminal activity that may result in a new judgment of conviction and sentence. It is not applicable to the probation revocation process, which deals solely with the possible modification of a judgment already rendered.[3]

---

[2] Code § 19.2-308(A) provides in pertinent part: "[i]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."

[3] We also note that the argument advanced by Downey has been considered and rejected by the courts of several other states. See, e.g., People v. Woznick, 663 N.E.2d 1037, 1039 (Ill. 1996) ("The *corpus delicti* rule pertains to the substantive proof requisite in a criminal proceeding. It has no application in probation revocation proceedings and a trial court may revoke a defendant's probation based solely on defendant's voluntary confession or reliable extrajudicial admission that he violated the conditions of his probation."); People v. Monette, 25 Cal. App. 4th 1572, 1575 (Cal. App. 4th Dist. 1994) ("The nature of a probation revocation

At the probation revocation hearings held on June 29, 2009 and September 2, 2010, the Commonwealth proved by Downey's own statement that she used alcohol on numerous occasions during her probationary period and, thus, that Downey violated the terms of her probation.[4] Although uncorroborated, if credited by the trial court, Downey's statement was sufficient, standing alone, to prove that Downey was "making a poor adjustment to supervision." The circuit court did not, therefore, abuse its discretion in revoking Downey's previously suspended sentences and re-suspending them under the terms and conditions previously directed by the court.

### III.  Conclusion

Because the circuit court did not abuse its discretion in finding the evidence sufficient to prove Downey violated the conditions and terms of her probation, we affirm.

Affirmed.

---

hearing, however, does not require the application of the *corpus delicti* rule."); State v. Sanchez, 790 P.2d 515, 517 (N.M. 1990) (holding "that the *corpus delicti* rule is inapplicable in probation revocation proceedings," and concluding "that a trial court may revoke a defendant's probation based on defendant's extrajudicial admission that he or she violated the terms of probation"); Commonwealth v. Kavanaugh, 482 A.2d 1128, 1133 (Pa. 1984) ("The *corpus delicti* rule is not applicable outside of criminal prosecutions.  As hereinbefore stated, revocation of probation is not a stage of criminal prosecution, but arises after the end of the criminal prosecution."); State ex rel. Russell v. McGlothin, 427 So. 2d 280, 282 (Fla. 1983) ("A probationer's admissions against interest may, as a matter of law, be sufficient to revoke his probation.").

[4] Moreover, at the September 2, 2010 hearing the court also had additional evidence before it that Downey "was abusing medications" in her inpatient program.