NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190230-U

NO. 4-19-0230

IN THE APPELLATE COURT

FILED
June 16, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| MARK S. HORN, | ) | No. 15CF840 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brett N. Olmstead, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court granted the Office of the State Appellate Defender's motion to
        withdraw as counsel and affirmed the circuit court's judgment as no issue of
        arguable merit could be raised on appeal.

¶ 2     This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw as appellate counsel on the grounds no meritorious issue can be raised on

appeal. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                             I. BACKGROUND

¶ 4     In December 2015, defendant, Mark S. Horn, entered a negotiated guilty plea.

Defendant pleaded guilty to aggravated driving under the influence (DUI) (625 ILCS

5/11-501(a)(2), (d)(1)(H) (West 2014)). In exchange for defendant's plea, the State agreed to

dismiss two misdemeanor charges.

¶ 5　　　　　On February 29, 2016, in accordance with the plea negotiations, the trial court sentenced defendant to a term of 24 months' probation and 90 days in county jail. The trial court admonished defendant as to the conditions of his probation, which included not violating the criminal statute of any jurisdiction and advising the probation department as to any change of address. Defendant was also required to complete 100 hours of public service work within 10 months of his sentencing date and to complete 10 hours of DUI risk education and 20 hours of outpatient counseling within 6 months of his sentencing date. Defendant began his 90-day county jail sentence on April 5, 2016, which he completed through electronic home monitoring.

¶ 6　　　　　On February 13, 2018, the State filed a petition to revoke defendant's probation. In the petition, the State alleged defendant (1) failed to provide proof of a remaining 37 hours of his required 100 hours of public service work within the first 10 months of his sentence and (2) failed to provide proof of the completion of alcohol treatment within 6 months of his sentence. The State attached the probation violation report, written by probation officer Meghan Nau, to the petition to revoke defendant's probation. On the same day, the trial court issued a summons for defendant to appear at a hearing on the petition to revoke his probation.

¶ 7　　　　　On March 20, 2018, the State filed an amended petition to revoke defendant's probation, alleging the same allegations from the initial petition and additionally alleging (1) defendant was convicted of driving while his license was revoked (625 ILCS 5/6-303(a) (West 2018)) in Vermilion County case No. 16-TR-5702 on December 6, 2017, and (2) defendant failed to report his new address to the probation department. The State attached to the amended petition a supplemental probation violation report from Nau, the disposition and history from case No. 16-TR-5702, and a Danville, Illinois, police report for defendant's arrest for aggravated domestic battery.

¶ 8　　　　　On June 6, 2018, the hearing on the petition to revoke defendant's probation commenced. Nau testified she was defendant's probation officer. She stated as conditions of his probation, defendant was to not violate any statute of any jurisdiction, attain 10 hours of DUI risk education and 20 hours of substance abuse treatment, complete 100 hours of public service work, and report to her all residence or address changes. As of March 20, 2018, defendant had 37 hours of public service work remaining and had not provided Nau with verification of completing 20 hours of substance abuse treatment. Nau testified it was defendant's responsibility to provide her with the verification. Nau further testified defendant told her at every office visit his address had not changed. On cross-examination, Nau testified she experienced no problems with defendant reporting to her and confirmed she received verification defendant completed the 20 hours of substance abuse treatment and remaining 37 hours of public service work after March 20, 2018.

¶ 9　　　　　The trial court granted the petition to revoke defendant's probation, and on July 23, 2018, defendant was resentenced to two years in the Department of Corrections (DOC) and one year of mandatory supervised release.

¶ 10　　　　　In December 2018, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), alleging the court's decision to revoke his probation relied upon false testimony. In his attached affidavit, defendant alleged Nau was aware defendant had completed the required hours by January 20, 2018, prior to the initial petition to revoke defendant's probation. Defendant further alleged the State should not be allowed to file an amended petition to revoke his probation based on defendant's domestic violence case, which was dismissed, because the incident occurred after the State filed the initial petition to revoke. In support, defendant also attached a sign-in form

- 3 -

from Prevention and Treatment Services (PATS), two initial treatment plans from PATS, a continuing care status report from PATS, and a letter from his public defender.

¶ 11 On January 10, 2019, the State filed a motion to dismiss defendant's section 2-1401 petition. The State argued defendant's attached documents demonstrated defendant failed to complete the conditions of his probation in the required six-month period. The State additionally contended defendant's claims were moot since his conviction for driving while his license was revoked provided a separate basis for revoking his probation, and defendant failed to show due diligence in presenting his claims.

¶ 12 On January 18, 2019, defendant filed a response to the State's motion to dismiss. In his response, defendant realleged his claims from his section 2-1401 petition and argued he demonstrated due diligence. Defendant claimed his discharge papers from PATS were not sent to him in a timely manner due to fees he owed. Defendant argued Nau set a new deadline for his treatment hours of March 1, 2018, or, in the alternative, the six-month period did not begin until after he served his 90-day jail sentence. Additionally, defendant argued the State could not revoke his probation on the driving with a revoked license charge where his conviction occurred after the State filed its initial petition to revoke probation and after the original date his probation was set to end.

¶ 13 On March 14, 2019, without holding an evidentiary hearing, the trial court dismissed defendant's section 2-1401 petition. On the claims regarding defendant's substance abuse treatment, the trial court found the documents demonstrated defendant began treatment on November 13, 2017, and therefore could not have completed 20 hours of treatment within six months of the sentencing date, namely August 29, 2016. The court similarly rejected defendant's claims as to public service work, as the documents demonstrated defendant had not completed

the required 100 hours within 10 months of the sentencing date, namely December 29, 2016. Finally, the trial court found the State was permitted to file an amended petition to revoke defendant's probation where defendant's probation did not expire until he was resentenced in July 2018. Defendant appealed.

¶ 14    OSAD was appointed to represent defendant on appeal. In October 2020, OSAD filed a motion and supporting memorandum of law seeking to withdraw as counsel on appeal. This court granted defendant leave until November 18, 2020, to file additional points and authorities. He filed none.

¶ 15                    II. ANALYSIS

¶ 16    OSAD contends no meritorious argument can be made the trial court erred in dismissing defendant's petition for relief from judgment.

¶ 17    As an initial matter, OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, 145 N.E.3d 722, where the appellate court granted OSAD's motion to withdraw as counsel and affirmed the dismissal of the defendant's section 2-1401 petition. OSAD contends two members of the appellate court panel, in *dicta*, opined OSAD should have sought to withdraw on the basis the trial court had no authority to appoint OSAD to an appeal from a civil proceeding under section 2-1401. *Id.* ¶ 5. In this case, OSAD specifically states it does not move to withdraw on the basis the trial court lacked authority to appoint OSAD to this appeal. Accordingly, we decline to address this basis for withdrawal.

¶ 18    In criminal proceedings, a section 2-1401 petition for relief from judgment is the means to correct factual errors, not known to the petitioner or the court, that occurred during the prosecution of the case and, if known, would have prevented the entered judgment. *People v. Thomas*, 364 Ill. App. 3d 91, 98, 845 N.E.2d 842, 850 (2006); 735 ILCS 5/2-1401 (West 2018).

To obtain relief under section 2-1401, a petition must prove by a preponderance of the evidence both (1) a meritorious defense or claim would have precluded the judgment and (2) the petitioner used diligence in discovering the claim and filing the petition. *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007).

¶ 19    OSAD contends no meritorious argument can be made on appeal defendant had grounds to challenge his revocation of probation.

¶ 20    In the initial petition to revoke probation, timely filed prior to the scheduled end of defendant's probation on March 1, 2018, the State alleged defendant had not provided proof of completing his outstanding 37 hours of public service work and had not provided proof of drug treatment completion within six months of the date of his sentencing on February 29, 2016. Defendant alleged in his section 2-1401 petition he had completed the required hours by January 20, 2018.

¶ 21    In a probation revocation proceeding, the State is required to prove a violation of a previously imposed condition of probation. *People v. Williams*, 303 Ill. App. 3d 264, 267, 707 N.E.2d 729, 731 (1999); 730 ILCS 5/5-6-4(c) (West 2018). The proceeding is civil in nature, and proof of a probation violation need only be shown by a preponderance of the evidence. *People v. Woznick*, 278 Ill. App. 3d 826, 828, 663 N.E.2d 1037, 1038 (1996). A violation of a single condition of probation is sufficient to warrant revocation. See *In re Seth S.*, 396 Ill. App. 3d 260, 274, 917 N.E.2d 1182, 1193 (2009).

¶ 22    Defendant's probation conditions required defendant complete 100 hours of public service work within 10 months of his sentence, complete 10 hours of alcohol and drug remedial education within 6 months of his sentence, and complete a minimum of 20 hours of outpatient alcohol and drug treatment within 6 months of his sentence. Defendant's sentence was

entered on February 29, 2016. Even if defendant had completed the required hours by January 20, 2018, this is nearly two years after his sentence was entered, far beyond the requirements of his probation.

¶ 23        In his response to the State's motion to dismiss his section 2-1401 petition, defendant claimed his probation officer modified the deadline for him to complete the required hours to March 1, 2018. Although his probation officer did state in her probation violation report it was "unknown at this time if [defendant] can successfully complete [his hours] before his term date on 3/1/18," this in no way modified the original terms of defendant's probation. A probation officer does not have the authority to modify a probationer's terms of probation. See 730 ILCS 110/12 (West 2018) (listing the duties of probation officers). Finally, defendant's probation conditions also required he complete the hours "and provide to the court or court services with proof of the same." Even if defendant had completed the required hours within the appropriate time period, he did not provide proof of completion prior to his probation revocation. Defendant's clear violation of the terms of his probation was more than enough for the State to prove the violation by a preponderance of the evidence.

¶ 24        In the amended petition to revoke, the State additionally alleged defendant was convicted of the offense of driving while his license was revoked on December 6, 2017, and had failed to report a change of address. The State proved these allegations by a preponderance of the evidence, and defendant did not dispute the substance of the allegations. Therefore, defendant did not provide new information that would have prevented the court from entering judgment.

¶ 25        However, defendant argued in his petition the amended petition to revoke probation was improper where it was filed after his two-year probation term ended on March 1,

2018. As OSAD points out, defendant's probation term was tolled by the ongoing revocation proceedings. Section 5-6-4(a) of the Unified Code of Corrections states:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation *** until the final determination of the charge, and the term of probation *** shall not run until the hearing and disposition of the petition for violation." 730 ILCS 5/5-6-4(a) (West 2018).

In this instance, a summons was issued regarding the petition to revoke defendant's probation on February 13, 2018, before the end of defendant's probation term on March 1, 2018. Thus, defendant's probation period was tolled until the hearing and disposition on the petition to revoke. "[S]ince the issuance of the [summons] with the initial petition to revoke tolled the period of probation, the trial court had jurisdiction to revoke defendant's probation, based on the allegations contained in the amended petition filed after the date the original probation was to end." *People v. Laws*, 200 Ill. App. 3d 232, 236, 558 N.E.2d 638, 640 (1990). No meritorious argument can be made the trial court lacked jurisdiction to revoke defendant's probation on the amended petition to revoke probation.

¶ 26 OSAD additionally asserts no reasonable argument could be made to suggest the trial court committed a procedural error in dismissing defendant's section 2-1401 petition. A section 2-1401 petition is ripe for adjudication after the opposing party has had 30 days to answer. *People v. Carter*, 2015 IL 117709, ¶ 16, 43 N.E.3d 972; *People v. Laugharn*, 233 Ill. 2d 318, 322, 909 N.E.2d 802, 804-05 (2009). Here, defendant filed his section 2-1401 petition on December 17, 2018, and the trial court dismissed the petition on March 14, 2019, well beyond the 30-day period. The petition was ripe for adjudication. We agree with OSAD and find no

reasonable argument could be made to suggest the trial court committed a procedural error in dismissing defendant's section 2-1401 petition.

¶ 27    Finally, we note, as does OSAD, any claim on appeal against defendant's probation revocation would be moot. An issue on appeal is moot where "the occurrence of events since filing of the appeal makes it impossible for the reviewing court to render effectual relief." *People v. Jackson*, 199 Ill. 2d 286, 294, 769 N.E.2d 21, 26 (2002). Defendant has served the entirety of his sentence and is no longer in DOC custody. See *People v. Peacock*, 2019 IL App (1st) 170308, ¶ 4 n.1, 136 N.E.3d 1023 (holding the appellate court "may take judicial notice of information appearing on [DOC's] website"). Thus, any question surrounding the revocation of defendant's probation is moot. *People v. Dawson*, 2020 IL App (4th) 170872, ¶ 19.

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 30    Affirmed.