NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241220-U

NOS. 4-24-1220, 4-24-1221 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 5, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| TARINA SLAUGHTER, | ) | Nos. 21CF254 |
| Defendant-Appellant. | ) | 21CF284 |
| | ) | |
| | ) | Honorable |
| | ) | Joshua Aaron Meyer, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Lannerd and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's finding that defendant violated the terms of her probation was not against the manifest weight of the evidence.

¶ 2    In October 2021, defendant Tarina Slaughter entered a negotiated guilty plea to two counts of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)), and, in accord with the agreement, she received a $500 fine and two years' probation. In December 2021, the State filed two petitions to revoke her probation. The trial court found that the State had proved defendant violated her probation by both failing to report to the probation department for an intake appointment and failing to keep the probation department advised of her place of residence. The court resentenced defendant to concurrent terms of two years' imprisonment in the Illinois Department of Corrections. On appeal, defendant argues that the State failed to prove she violated a condition of her probation. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On July 14, 2021, defendant was charged with one count of unlawful possession of methamphetamine (count I) (*id.*) and one count of retail theft (count II) (720 ILCS 5/16-25(a)(1) (West 2020)) in Macoupin County case No. 21-CF-254. Defendant was later charged with one count of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)) in Macoupin County case No. 21-CF-284.

¶ 5            Defendant subsequently pleaded guilty in October 2021 to count I in case No. 21-CF-254 and the sole count alleged in case No. 21-CF-284 in exchange for the State dismissing the retail theft charge. Defendant was assessed a $500 fine and sentenced to two years' probation.

¶ 6            In December 2021, the State filed petitions to revoke defendant's probation in case Nos. 21-CF-254 and 21-CF-284, alleging that she had failed to report to the Macoupin County Probation Department for an intake interview and that she failed to keep the probation department advised of her current address. On December 18, 2023, approximately two years after the petitions were filed, the trial court held a hearing on the petitions to revoke. At the hearing, Susan Dunn, defendant's probation officer, testified that defendant had been ordered to report to the probation department to participate in an intake appointment. Dunn indicated that, as of the hearing, defendant had still not participated in a formal intake appointment. Dunn also believed that defendant had failed to provide the probation department with a current address.

¶ 7            On cross-examination, Dunn clarified that defendant had met with the probation department "after being released from jail some months after being placed on probation," at which time defendant informed the probation department she was homeless and living in Springfield, Illinois. Defense counsel then inquired whether Dunn knew when defendant reported to probation, and the following colloquy occurred:

"A. Not without looking at her file. I'm sorry I don't.

Q. Would you have a file with you that if you looked at it would refresh your recollection?

A. Yes.

Q. Okay.

A. Can I get that?

THE COURT: Any objection?

MR. GARRISON [(STATE'S ATTORNEY)]: No objection, Your Honor."

After refreshing her recollection, Dunn stated that the notes of defendant's previous probation officer, Cindy Lytle, indicated that defendant went to the probation department after being released from jail on February 10, 2022. When asked whether defendant had contacted the probation department to set up an intake appointment, Dunn replied, "[N]obody talked to her until February 10th when she came in from jail." Despite initially testifying that defendant had not provided the probation department with an address, after reviewing defendant's probation file, Dunn stated, "I don't know when this was printed. The address in our file now is [an address on] Beecher Road in Modesto." When asked whether it was possible that defendant completed an intake appointment with the Sangamon County Probation Department, Dunn indicated the Macoupin County Probation Department had not received the requisite paperwork from Sangamon County stating whether they had accepted "courtesy supervision" over defendant's case.

¶ 8    On redirect examination, Dunn stated that even though defendant went to the Macoupin County Probation Department on February 10, 2022, the initial intake interview still had not been completed.

¶ 9    After brief arguments from the parties, the trial court found that the State had

proven by a preponderance of the evidence that defendant had violated her probation. The court began by noting, "[T]he timing is key, and it seems like the thing *** that most likely happened was [defendant] did eventually meet with somebody, but it was February 10th, 2022. Anything else is just speculation." The court continued, "So based on the filing of petitions as of December 17th[,] *** she had not done those things at the time." Therefore, the court reasoned, the State had met its burden. In September 2024, the court resentenced defendant to concurrent terms of two years' imprisonment.

¶ 10    This consolidated appeal followed.

¶ 11                II. ANALYSIS

¶ 12    On appeal, defendant argues the trial court erred in revoking her probation because the State failed to prove she violated a condition of her probation. Specifically, defendant alleges Dunn "had no personal knowledge of whether defendant complied with her probation" prior to the filing of the State's petitions to revoke. As such, defendant argues Dunn's testimony was hearsay and based on hearsay contained within defendant's probation file.

¶ 13    Probation revocation proceedings "are considered noncriminal, and the [defendant] is entitled to fewer procedural rights than [she] would receive in a criminal trial." *People v. Goleash*, 311 Ill. App. 3d 949, 955 (2000). The defendant, at the probation revocation stage, has already been convicted. *People v. Henderson*, 2 Ill. App. 3d 401, 405 (1971). "[I]t is the violation of the previously imposed conditions of probation, and not the commission of a culpable offense, which must be proved," and "the defendant need not be indicted, prosecuted, or convicted of the offense supporting the petition for revocation." *People v. Woznick*, 278 Ill. App. 3d 826, 828 (1996). The State has the burden of proving that the defendant violated her probation by a preponderance of the evidence, while using only competent evidence. *People v. Renner*, 321 Ill.

App. 3d 1022, 1025 (2001).

¶ 14 Hearsay is not competent evidence in probation revocation proceedings. *Id.* at 1026. The confrontation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 8) permits hearsay evidence to be admitted against a defendant only where the evidence is firmly rooted in a hearsay exception or particularized guarantees of trustworthiness assure the reliability of the evidence. *Renner*, 321 Ill. App. 3d at 1026. "A proposition is proved by a preponderance of the evidence when the proposition is more probably true than not true." *People v. Love*, 404 Ill. App. 3d 784, 787 (2010). This court will not disturb a trial court's decision in a probation revocation proceeding unless it is against the manifest weight of the evidence. *People v. Williams*, 303 Ill. App. 3d 264, 267 (1999).

¶ 15 Initially, the State posits that because defendant both failed to object at the hearing and include her contentions in a posthearing motion, she has forfeited review of those contentions on appeal. See *People v. Turner*, 233 Ill. App. 3d 449, 452 (1992) (concluding that a defendant must raise an objection both at the hearing and in a posthearing motion). We agree that defendant has forfeited any objection to the *admission* of the subject testimony, but defendant makes it clear in her opening brief that she is challenging the *sufficiency* of the evidence to prove that she violated the terms of her probation, as defendant contends Dunn's testimony had "minimal" probative effect. A challenge to the sufficiency of the evidence can be raised for the first time on appeal. *People v. Woods*, 214 Ill. 2d 455, 470 (2005).

¶ 16 Dunn testified that defendant had "not yet met" with the probation department based on the absence of information in the record prior to her visit of February 10, 2022. We agree with defendant that Dunn, a witness with no personal knowledge, could not necessarily testify to the negative, *i.e.*, that an earlier visit had not occurred. However, we note that Dunn testified that

the record showed that the "initial intake" had not yet occurred. This provides a basis to conclude that defendant had not met with the probation department, as required by the conditions of her October 2021 probation sentence. Consequently, Dunn's testimony provided an adequate basis for the trial court to conclude that defendant violated the terms of her probation.

¶ 17                                        III. CONCLUSION

¶ 18            For the reasons stated, we affirm the trial court's judgment.

¶ 19            Affirmed.