THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES M. HESS, Defendant-Appellant.

Second District    No. 2—91—0716

Opinion filed February 22, 1993.

Alan W. Cargerman, of Fearer, Nye, Ahlberg & Chadwick, of Oregon, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (Daniel P. Merriman, Assistant State's Attorney, and William L. Browers and Martin P. Moltz,

both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, James Hess, appeals from a judgment of the circuit court of Ogle County sentencing him to seven years' imprisonment upon the revocation of his probation.

After a hearing which resulted in the revocation of his four-year term of probation, on June 24, 1991, the trial court summarily sentenced defendant to the maximum term of seven years' imprisonment. Defendant had originally pleaded guilty in July 1987 to a charge of aggravated criminal sexual abuse of a stepdaughter who was under the age of 13 (see Ill. Rev. Stat. 1987, ch. 38, par. 12—16(c)(1)). At the sentencing hearing in August 1987, the court considered, among other things, a presentence report as well as the opinions of psychologists. As a condition of probation, the court sentenced defendant to 30 months' periodic imprisonment, required court-approved counseling, and restricted contact with the victim and her (his) family except through counselors or attorneys, and required defendant to pay for his stepdaughter's counseling fees.

Defendant failed to file a post-sentencing motion. He appeals from the final judgment of revocation and the sentencing judgment. The thrust of defendant's arguments challenges the manner in which he was sentenced. He argues that the trial court erroneously resentenced him without considering a new or updated presentence report after nearly four years had elapsed and the court failed to follow the statutory requirements for a hearing in aggravation and mitigation and failed to give him an opportunity to be heard. The defendant concludes that the trial court did not give adequate, judicious consideration to the existing circumstances of the defendant at the time of sentencing and requests a remand of the cause for resentencing before a different judge.

We agree that the sentencing procedure employed here was so fundamentally deficient that we have no choice but to vacate the sentence.

Defendant began serving his periodic imprisonment in August 1987 in Ogle County. He was transferred in December to Winnebago County, where he was working. He was also released periodically for religious instruction. The record reveals that defendant received psychological counseling from Dr. Dudgeon and later continued counseling with Dr. Michalek in Rockford, Illinois, until May 1988. From August 1988, defendant received counseling from Dr. Edward Glenn, a

psychiatrist, and participated in weekly group therapy sessions with Sexual Addicts Anonymous, a support group.

The testimony of defendant's wife Karen at the original sentencing hearing shows that she filed for divorce and sought counseling from Elise Cadigan, a psychiatric social worker, with the victim, K., and the two younger children of Karen's marriage with defendant. The three children had become fearful of the defendant. Karen and the children continued to live in Byron, Illinois.

It appears from the record that, on three occasions in October and November 1988, Karen brought the children for supervised visitations with defendant at the Winnebago County work-release facility, with Dr. Glenn's knowledge. The probation officer's report alleged that the visits were not made with the approval of the probation department or through counselors or attorneys according to the probation order. On November 30, 1988, the State petitioned for the revocation of defendant's probation on this basis. At the evidentiary hearing on December 22, 1988, the court granted a directed finding for defendant.

On January 5, 1989, the court also heard defendant's petition for a diminution of his periodic imprisonment. The court considered the testimony of Drs. Michalek and Glenn and the testimony of defendant regarding his activities and treatment. The trial court granted defendant diminution of his periodic imprisonment from a term of 30 months to 17 months. The court also allowed his release from the Winnebago County facility on January 27, 1989, conditioned on the requirement that he live with his mother in Byron for up to 60 days; thereafter, he was to live in Rockford, Illinois. He was ordered not to be present in his mother's home if the children were present and was ordered not to be alone with any female under the age of 18. The remaining terms of the prior sentencing order of August 1987 were to remain in effect.

On October 25, 1990, the court began hearing testimony to determine the issue of visitation. Defendant had remarried and, in consultation with Dr. Glenn, now sought supervised visitation with the children along with family counseling. The trial court required a report with the recommendations of Sheri Dean, the children's counselor at the Youth Services Bureau, and joint consultation with Dr. Glenn. In a brief order entered on February 13, 1991, the court adopted the findings of the Bureau and continued the matter for status until August 16, 1991—the same month that defendant's probation was to expire. Neither the report nor a transcript of the February 13 proceeding is included in the record.

On June 5, 1991, the State filed a petition to revoke defendant's probation on the ground that, in violation of the January 1989 order, he had moved in March 1991 to a home on McCormick Road in Stillman Valley, Illinois, outside the Rockford city limits. At a June 24 hearing, the State presented the testimony of Ogle County probation officer Jim Magnafici, who monitored defendant. Magnafici was aware that defendant had moved to Rockford and remained there until defendant moved to Stillman Valley on or about March 9, 1991. Magnafici became aware of the move when defendant left a telephone message that he would be moving to Stillman Valley. The probation officer made unannounced visits to that location on April 26 and May 2 and verified the move. Magnafici also noted that there was a Girl Scout camp located in the area near defendant's new residence; this apparently caused the State some concern.

After finding out that the court order required that defendant reside in Rockford and after consulting with the State's Attorney, the probation officer had a letter sent to defendant on May 30 advising him that he was in violation. Magnafici acknowledged that until this time defendant was in compliance with the January 1989 order, and Magnafici did not act immediately on defendant's telephone message, but stated that he was not immediately aware that the move was in violation of the order.

Defendant testified that he had complied with the order until February 1991. Having remarried, he made plans to move to Stillman Valley at the end of February because he liked to live in the country. He was aware that he could not reside in Byron. He signed the lease on February 27 and telephoned Magnafici's office on March 5 asking him to contact him regarding his move. He claimed to have continued to send the required periodic reports to Magnafici and then met with him on May 2. According to defendant, Magnafici told him he had no objection to the move; but defendant learned that the State's Attorney did have some objection. Magnafici told defendant to consult his attorney and to inform the court of the move.

Defendant made arrangements to cancel the lease. Since mid-May, just prior to the filing of the petition to revoke, when it became apparent to defendant that he should not have made the move, he began staying with a nephew in Rockford. Defendant then moved to a motel with his new wife. Defendant believed he was not in violation of the order because he thought the intent of it was that he not live in Byron. On cross-examination, defendant acknowledged that the order stated he was to live in Rockford. He also admitted that he left the

Stillman Valley residence because the petition to revoke had been filed.

During closing argument, defense counsel conceded that there had been a technical violation, but argued that it was a violation "without deep meaning." Defense counsel requested that the court consider continuing defendant's probation and its conditions; the State agreed with this position.

The court made the following ruling:

"THE COURT: I think the petition to revoke has been determined to be founded [*sic*] in favor of the State. My problem is that I have been talking about this case since 1987. And if you look through this case, you'll look through the fact that this defendant skirts around everything the Court wants to do as far as rehabilitation, as far as keeping him from those people, and it's my opinion that now I've done everything I can do, and I'm going to find that he violated the terms of his probation, and I'm going to sentence him to seven years to the Department of Corrections. Period.

Mr. BURDS [Assistant State's Attorney]: I'll submit the order, Judge. I'm not sure, remand to custody of Sheriff, Judge?"

According to the the transcript there was no response heard as the judge left the courtroom.

Initially, we consider the effect of defendant's failure to make an objection regarding any deficiency in the sentencing proceedings and to file a post-sentencing motion. Although the parties have failed to raise this issue, we consider it because of the potential effect on our jurisdiction or the application of the waiver rule.

In guilty plea cases, our recent decisions have held that a motion to withdraw the plea and to vacate the judgment under Rule 604(d) (134 Ill. 2d R. 604(d)) or a motion to reconsider the sentence is a jurisdictional prerequisite to an appeal unless defendant was misled or prevented from following the requirements by an insufficient admonition of his rights under Rule 605(b) (134 Ill. 2d R. 605(b)). (See *People v. Ramage* (1992), 229 Ill. App. 3d 1027 (motion to withdraw and vacate is jurisdictional); *People v. Ishmon* (1991), 213 Ill. App. 3d 653, 657 (motion to reconsider sentence in guilty plea case is jurisdictional; where jurisdiction is lacking, dismissal is the proper disposition); see also *People v. Balsar* (1989), 178 Ill. App. 3d 876, 879 (defendant who failed to follow Rule 604(d) should not be penalized for failing to follow proper procedure where trial court failed to admonish him under Rule 605(b)).) We observe that, in the present case, the trial court failed to give any admonishment whatsoever to defendant.

■ Here, even though defendant originally pleaded guilty to the offense, the proceeding was concerned with conduct which occurred after the time for appeal had passed as to the original conviction. Inasmuch as defendant's appeal challenges the order of revocation and the sentence resulting from the second proceeding and only indirectly involves his guilty plea, there was no need to file a motion to withdraw the plea and vacate the judgment under Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) or to file a motion to reconsider the sentence. (See *People v. Bender* (1992), 226 Ill. App. 3d 940, 942 (where a defendant pleads guilty, is sentenced to probation, and thereafter has his probation revoked, he does not need to file a motion to withdraw his original guilty plea before appealing his sentence); see also *People v. Combs* (1990), 197 Ill. App. 3d 758, 761 (the only issues which ordinarily can be raised are those concerning the propriety of the revocation of probation and the subsequent sentence of imprisonment; the guilty plea itself may not be collaterally attacked unless the plea was accepted as a result of a mistake of law on the part of the trial judge; therefore, a motion to withdraw the plea is unnecessary and superfluous); accord *People v. Motta* (1991), 223 Ill. App. 3d 182, 183; amended Rule 604(d) now *requires* the filing of a post-sentencing motion to challenge the sentence following a guilty plea (Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992).) We agree with and adopt the reasoning of these cases. Thus, we hold that, in this case, defendant should not be bound by the procedural rules for guilty pleas to perfect his appeal.

Next, we consider whether defendant has waived the issues he raises for failure to object and to file a post-sentencing motion. Defendant has not seriously contested the finding that he was guilty of the probation violation and conceded this in the trial court. We will not disturb that finding. The main thrust of his arguments is that he was not sentenced according to proper procedures. We now determine whether we reach this issue after a consideration of the somewhat confusing decisions regarding the preservation of sentencing issues on appeal.

The general rule is that an objection to a sentence or to a sentencing procedure must be made in the trial court in the first instance and may not be presented for the first time on review. (*People v. Killings* (1986), 150 Ill. App. 3d 900, 909.) Recently we have stated that where a defendant fails to challenge the basis of his sentence in the trial court either at the sentencing hearing *or* by way of a motion to reconsider the sentence, the sentencing issues are waived on appeal unless they can be considered on the basis of plain error. (*People v.*

*Bolden* (1991), 210 Ill. App. 3d 940, 947.) In *People v. Lewis* (1992), 235 Ill. App. 3d 1003, the defendant who was found guilty of a felony following a jury trial failed to file a motion to reduce her sentence pursuant to section 5—8—1 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1). Agreeing with the decision of the Appellate Court, Fifth District, in *People v. Macke* (1992), 224 Ill. App. 3d 815, this court in *Lewis* concluded that the Code requires that a defendant file a motion to reduce the sentence in the trial court within 30 days after the sentence is imposed in order to appeal only the sentence.

The *Lewis* court noted that *Macke* had likened this type of motion to a required post-trial motion to preserve the issues on appeal (see Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b)) or to a Rule 604(d) motion requiring a defendant who pleads guilty to move to withdraw the plea before appealing (see 134 Ill. 2d R. 604(d)). The *Macke* court noted the policy expressed in *People v. Enoch* (1988), 122 Ill. 2d 176, that a trial court should first be given an opportunity to correct any error that might have occurred so as to avoid needless appeals. (*Enoch*, 122 Ill. 2d at 186-88.) *Enoch* required both a trial objection and a written post-trial motion in both jury and nonjury trials in order to preserve errors for review. *Enoch*, 122 Ill. 2d at 186-88.

Agreement with the *Macke* decision is not unanimous. In *People v. Turner* (1992), 233 Ill. App. 3d 449, the Appellate Court, Fourth District, declined to follow *Macke,* holding that section 5—8—1 of the Code does not *require* a motion to reduce the sentence as a precondition to an appeal. The court further explained that, when the alleged error involves something which occurred at the sentencing hearing, it is only necessary that the matter "be somehow brought to the attention" of the trial court, by a contemporaneous objection "if possible." When the alleged error is the length of the sentence, no objection is necessary, either at the hearing or by way of a motion to reduce the sentence.

In *People v. Sims* (3d Dist. 1992), 233 Ill. App. 3d 471, 473, the court concluded that a post-sentencing motion is not necessary to preserve error as to sentencing issues and cited *Macke* as contrary authority. The court also explained that, where it is alleged merely that a sentence is excessive and not that evidence was improperly considered at sentencing, a contemporaneous objection at the sentencing hearing is not required for appeal.

With respect to a capital sentencing hearing before a jury, our supreme court has analogized post-sentencing motions to post-trial motions which are required by statute (Ill. Rev. Stat. 1983, ch. 38, par.

116—1) in order to preserve sentencing errors for review unless the error can be raised by exception such as plain error. (*People v. Szabo* (1986), 113 Ill. 2d 83, 93-94.) Just recently, in *People v. Pasch* (1992), 152 Ill. 2d 133, 216, the defendant argued that he was denied a fair capital sentencing hearing because the State introduced irrelevant testimony during the first phase of the hearing. In reviewing the issue, the court concluded that defendant had waived any alleged error by failing to object to such testimony *and* to raise this issue in a post-sentencing motion. (*Pasch*, 152 Ill. 2d at 216, citing *People v. Enoch*, 122 Ill. 2d 176.) The court further explained that the waiver rule applies not only during the trial, but also during the sentencing hearing (*Pasch*, 152 Ill. 2d at 216, citing *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 113 (failure to object to judge's remarks at sentencing resulted in waiver)).

■ Based on our review of the above cases, including our most recent decision in *Lewis*, it is clear to us that, as a minimum, some form of post-sentencing motion is required to preserve a sentencing issue for appeal. Until we receive further guidance from our supreme court on this point, we will no longer follow prior cases to the extent that they suggest the contrary, such as *People v. Thomas* (1990), 193 Ill. App. 3d 525, 527.

Notwithstanding the rule of waiver, however, we find that the sentencing proceeding in the case at bar is so flawed that we choose to address the merits of the case on the basis of plain error. See *People v. Fort* (1992), 229 Ill. App. 3d 336, 340; 134 Ill. 2d R. 615(a).

Defendant argues that it was error for the trial court not to have considered an updated presentence report because the original report was nearly four years old. Defendant also argues generally that he was not afforded an adequate sentencing hearing in aggravation and mitigation as prescribed by statute and he had no real opportunity to be heard. We agree for several reasons, and we conclude that the deficiencies in the proceeding amounted to plain error.

First, a current, written presentence report is required in a felony sentencing proceeding following the revocation of probation unless the parties have agreed upon the sentence in the probation-revocation proceeding. (*People v. Harris* (1985), 105 Ill. 2d 290, 299-301.) Although the trial court here may have had some familiarity with the case, there is no evidence of a valid waiver of a report under *Harris*, and it is clear that the available report was outdated. Waiver is allowed only under narrow circumstances explained in *Harris* which are inapplicable here. It was error for the court to proceed directly to sentencing.

Second, to sustain the trial court, the record must clearly show that the court considered the original offense and imposed the sentence that would have been appropriate for the original offense. (*People v. Gaurige* (1988), 168 Ill. App. 3d 855, 869; Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(e).) Resentencing after a revocation of probation is to be conducted according to the requirements of section 5—4—1 of the Code (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—6—4(h), 1005—4—1). Among other things, the record should show that the trial court (1) considered the evidence, if any, received during the original trial; (2) considered any presentence reports; (3) considered the financial impact of incarceration; (4) considered evidence and information offered by the parties in aggravation and mitigation; (5) heard arguments regarding sentence alternatives; and (6) afforded the defendant an opportunity to speak in his own behalf. (*Gaurige*, 168 Ill. App. 3d at 869; Ill. Rev. Stat. 1991, ch. 38, par. 1005—4—1.) While a trial court may consider the defendant's conduct while on probation, the court may not commingle matters relating to the original offense with conduct that gave rise to the probation revocation. *Gaurige*, 168 Ill. App. 3d at 870.

The sentencing proceeding in the case before us was woefully inadequate and cannot be condoned. The trial court made no attempt to comply even minimally with these requirements to arrive at a considered and judicious determination of the sentence. Rather, the court found defendant in violation, relied solely on its own recollection of the case, focused on the probation violation rather than the original offense, and, without pausing, summarily sentenced defendant to the maximum term of imprisonment.

The record does not show that the court sufficiently considered the factors in aggravation and mitigation or considered sentencing alternatives, although the court noted vaguely that defendant "skirted" attempts at rehabilitation. Yet the record shows that, until this violation, defendant had generally complied with the terms of his probation. In fact, the court had shortened defendant's term of periodic imprisonment.

If the court had specific reasons for imposing the maximum penalty, it should have stated them on the record. When a record does not provide a reviewing court with means sufficient to determine on what basis the court fixed a particular sentence, the reviewing court may find an abuse of discretion. (*People v. Fort* (1992), 229 Ill. App. 3d 336, 340; *People v. Bergman*(1984), 121 Ill. App. 3d 100, 109.) Defendant was given no meaningful opportunity to present his side of the case at the sentencing stage. After summarily sentencing defend-

ant, the judge immediately left the courtroom. A hearing in mitigation and aggravation is an essential part of the sentencing process, and defendant was denied a meaningful hearing. Under such circumstances, the sentence must be vacated. (See *People v. Gentry* (1972), 5 Ill. App. 3d 1088; *Gaurige*, 168 Ill. App. 3d at 871.) We also strongly disapprove of the trial court's failure to admonish defendant of his right to appeal. We also believe that defense counsel should have immediately challenged defendant's sentence in the trial court as soon as possible after it was pronounced.

In determining that a new sentencing hearing take place, we make no determination concerning the correctness of the sentence. We have determined that the proper sentencing procedure was not followed in this case. We affirm the judgment of revocation of probation, we vacate the sentence of seven years' imprisonment and remand the cause for further sentencing proceedings to be held in conformity with the views expressed herein, before a different judge.

Affirmed in part; vacated in part and remanded with directions.

INGLIS, P.J., and BOWMAN, J., concur.