NOTICE
Decision filed 05/30/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220027-U

NO. 5-22-0027

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Gallatin County. |
| | ) | |
| v. | ) | No. 18-CF-15 |
| | ) | |
| CHRISTOPHER C. SMITH, | ) | Honorable |
| | ) | Thomas J. Foster, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the evidence showed that defendant violated his probation, defendant's prison sentence was proper, and the court conducted a proper hearing on defendant's allegations that counsel was ineffective but found them without merit, the court did not err in revoking his probation and sentencing him. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Following a hearing, the circuit court revoked the probation of defendant, Christopher C. Smith, and sentenced him to 27 months' imprisonment. Defendant appeals.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of

1

its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5        In 2018, defendant was charged with two counts of aggravated fleeing and eluding a peace officer, as well as lesser charges. He agreed to plead guilty to one count of aggravated fleeing and eluding in exchange for a sentence of probation and the State's dismissal of the other charges.

¶ 6        In early 2020, the circuit court revoked defendant's probation. Despite the State's plea for a prison sentence, the court gave defendant a second chance at probation, imposing a 30-month term with additional conditions, including that defendant (1) not leave the state without approval; (2) complete a psychiatric evaluation; (3) complete all counseling as directed by the probation department; (4) serve his term of probation on home confinement; (5) not operate any motor vehicle, including ATVs; and (6) submit to regular drug testing.

¶ 7        On April 13, 2021, the State filed a petition to revoke defendant's probation alleging that he (1) failed to comply with his drug treatment, (2) admitted to using drugs while on probation, (3) failed to remain on home confinement, (4) operated a motor vehicle, and (5) committed additional felonies. At a hearing on the petition, defendant's probation officer, Tiffany Sauls, testified that in May 2020, defendant admitted that he had used methamphetamine. In September 2020, he admitted using Klonopin. In November 2020, he admitted drinking alcohol. Each time, he signed an admission to that effect. In December of that year, defendant was discharged from treatment at Egyptian Health because he refused to enter inpatient treatment.

2

¶ 8    Illinois State Trooper Brandon Ramsour testified that in December 2020 he conducted a traffic stop on Forest Road near Equality.  He learned that defendant had been driving an ATV on the highway and crashed.  Defendant was taken from the scene by ambulance.  On cross-examination, Ramsour was unable to recall many of the details of the incident.

¶ 9    Deputy sheriff Scott Sauls testified that on March 20, 2021, he responded to a report of a traffic accident.  Defendant had been driving an ATV with Betsy Pennington as a passenger when the ATV wrecked.  Pennington was injured and had to be airlifted from the scene.  Defendant left the scene because he was supposed to be on house arrest.  Sauls interviewed defendant at his home.  After receiving *Miranda* warnings, defendant made a statement admitting that he had been driving the ATV and left the scene.

¶ 10    The circuit court found that respondent had violated his probation.  The court doubted that Ramsour's testimony was sufficient to establish a probation violation but noted that the Sauls' testimony established that defendant admitted using drugs and alcohol, driving an ATV, and violating his house arrest.  Accordingly, the court revoked defendant's probation and scheduled a sentencing hearing.

¶ 11    Before the sentencing hearing began, defendant asked the court to appoint new counsel for him.  When the court asked why, he responded that counsel did not communicate with him enough.  When asked if he had any other complaints, defendant responded that counsel was "crooked."  Relying on text messages between himself and counsel, defendant explained that he had asked counsel whether there was "a price" for "this to go away."  He related that two of his friends had been offered deals in which "they didn't have to go, just pay."

¶ 12    Counsel responded, "I doubt it.  If there is, it would be high and have to be paid in a lump sum," to which defendant responded, "Like how much?"

¶ 13    Defendant told the court that he believed counsel was offering to bribe the prosecutor to drop the charges. Counsel explained that he was referring to defendant paying outstanding fines and other charges to resolve the case without prison time. A lengthy discussion ensued during which defendant insisted that when he referred to "a price" to "make this go away," he was not suggesting anything illegal, but when counsel answered his question, defendant assumed he was suggesting bribery.

¶ 14    Defendant further complained that counsel did not confront Tiffany Sauls with the fact that defendant was not allowed to attend inpatient drug treatment because he had a broken neck. Counsel explained that he made a strategic decision not to pursue this issue because it "wasn't sufficient to address the ongoing problem" of defendant's noncompliance with probation terms.

¶ 15    The court denied defendant's request for new counsel. It found that existing counsel had communicated with defendant sufficiently under the facts of the case. It further found that the texts between defendant and counsel discussed nothing more than routine guilty plea negotiations which occur in virtually every case. Finally, the court found that counsel's lack of further cross-examination was the product of trial strategy.

¶ 16    As the hearing proceeded to sentencing, the State argued for a three-year sentence, citing defendant's criminal history and his repeated failures while on probation. Defense counsel argued that respondent should not be imprisoned because he required medical treatment. The court imposed a sentence of 27 months' imprisonment, and defendant timely appealed.

¶ 17                                    ANALYSIS

¶ 18    OSAD suggests four possible issues but concludes that none of them has even arguable merit. We agree.

4

¶ 19    OSAD first concludes that there is no meritorious argument that the court erred in revoking defendant's probation.    To revoke a defendant's probation, the State must prove by a preponderance of the evidence that the defendant violated terms of his probation.  730 ILCS 5/5-6-4(c) (West 2020); *People v. Williams*, 303 Ill. App. 3d 264, 267 (1999).  We will not reverse the circuit court's decision revoking probation unless it was against the manifest weight of the evidence.  *Williams*, 303 Ill. App. 3d at 267-68.

¶ 20    Here, Tiffany Sauls testified that defendant admitted that he used drugs and alcohol on three separate occasions, and Scott Sauls testified that defendant admittedly drove an ATV while violating his home confinement.  All of these actions violated specific conditions of defendant's probation.  Thus, the evidence amply supported the court's decision to revoke defendant's probation.

¶ 21    While defense counsel objected frequently to the State's evidence on grounds of hearsay and lack of foundation, the trial court sustained many of these objections.  Ultimately, as noted, much of the evidence came in the form of defendant's own statements, which were clearly admissible.

¶ 22    OSAD next suggests two potential issues concerning defendant's sentence: whether the court considered improper factors and whether the ultimate sentence was an abuse of discretion. We agree with OSAD that neither issue has potential merit.

¶ 23    When a court revokes a defendant's probation, the court may impose any sentence that would have been appropriate for the original offense.  *People v. Battershell*, 210 Ill. App. 3d 883, 885 (1991).  The sentence should be based on the conduct that constituted the original offense, not the conduct underlying the probation revocation.  *People v. Hess*, 241 Ill. App. 3d 276, 284 (1993).

5

However, the court may consider the defendant's conduct while on probation in assessing his rehabilitative potential. *People v. Rathbone*, 345 Ill. App. 3d 305, 312 (2003).

¶ 24    Here, in imposing the sentence, the court noted that probation was the "default sentence." 730 ILCS 5/5-4-1(b-1) (West 2020).  However, the court concluded that a prison sentence was necessary.  The court observed that defendant had not done well on probation and, accordingly, another such sentence would deprecate the seriousness of the offense and be inconsistent with the ends of justice.

¶ 25    In aggravation, the court found that defendant's conduct underlying the original offense threatened serious harm in that he drove 106 miles per hour while attempting to elude the police. The court noted defendant's criminal history, which included three felony convictions for forgery and theft as well as numerous traffic offenses.  The court also found that a prison sentence was necessary to deter others from committing similar offenses.  All these factors were proper considerations.  See *id.* § 5-5-3.2.

¶ 26    Moreover, the sentence itself was not an abuse of discretion.  Defendant originally pleaded guilty to fleeing or attempting to elude a peace officer, a first offense of which is a Class 4 felony. 625 ILCS 5/11-204.1 (West 2018).  The sentencing range for a Class 4 felony is between one and three years. 730 ILCS 5/5-4.5-45 (West 2018).  Defendant had twice been sentenced to probation for this offense and had not complied with the conditions of probation either time.  Thus, the court reasonably concluded that a prison sentence was appropriate.  In fixing that sentence, the court found several significant aggravating factors.  Conversely, the court found no significant mitigating factors.

¶ 27    The court acknowledged defendant's medical condition and that it might eventually require surgery.  However, the court noted, the condition had been present for more than a year but had

6

not prevented defendant from engaging in activities such as riding ATVs. The court also suggested that defendant's condition did not require urgent attention because he had not sought treatment during the intervening year since his diagnosis. In light of the aggravating factors noted above, we cannot say that defendant's sentence—slightly above the midpoint for a Class 4 felony—was an abuse of discretion.

¶ 28    OSAD's final suggested issue is whether the circuit court properly handled defendant's allegations of counsel's ineffectiveness. When a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the circuit court should first examine the factual basis for the defendant's claim. If the court finds that the claim lacks merit or pertains only to matters of trial strategy, the circuit court may deny the motion without appointing new counsel. *People v. Chapman*, 194 Ill. 2d 186, 230 (2000); see *People v. Krankel*, 102 Ill. 2d 181, 189 (1984). During the court's evaluation of a defendant's claim, some interchange between the trial court and trial counsel regarding the circumstances of the representation is not only permissible but usually necessary in deciding what further action, if any, is warranted on a defendant's claim. *People v. Moore*, 207 Ill. 2d 68, 78 (2003). On appeal, the principal concern is whether the circuit court conducted an adequate inquiry into the defendant's allegations. *People v. Johnson*, 159 Ill. 2d 97, 125 (1994).

¶ 29    Here, the court engaged in a lengthy exchange with defendant in which it sought to elucidate and understand his claims. The court sought trial counsel's input where appropriate. Ultimately, the court reasonably found that defendant's claims did not require the appointment of new counsel. Defendant could not establish that he was prejudiced by having insufficient communication with counsel. Further, the court reasonably found that defendant's text messages with counsel concerning a lump-sum payment involved ordinary plea discussions and not an offer

to bribe the state's attorney. Finally, the court appropriately concluded that the failure to cross-examine Tiffany Sauls about defendant's reasons for not entering inpatient treatment at Egyptian Health was reasonable trial strategy. As counsel noted, questioning Sauls on this particular point would have done little to explain away defendant's repeated failures to comply with the conditions of his probation.

¶ 30                                  CONCLUSION

¶ 31     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 32     Motion granted; judgment affirmed.