2023 IL App (2d) 230060-U
No. 2-23-0060
Order filed November 16, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-969 |
| JESSIE J. SAPP, | ) ) | Honorable Victoria Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Kennedy and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*: Trial court did not abuse its discretion in resentencing defendant to five years incarceration in the Illinois Department of Corrections after his probation was revoked pursuant to State's petition to revoke probation.

¶ 2   Defendant, Jessie J. Sapp, appeals from his five-year sentence imposed by the circuit court of Lake County, Illinois. Defendant pled guilty to aggravated criminal sexual abuse (720 ILCS 5/11-1.60(f) (West 2018)). In exchange for his plea of guilty, defendant was placed on 24 months' probation and 18 months of periodic imprisonment, the latter of which was considered served at the time of sentencing. Subsequently, defendant violated the terms of his probation and, after

defendant's non-negotiated admission to a probation violation, the circuit court granted the State's petition to revoke his probation. The circuit court resentenced him to five years of incarceration in the Illinois Department of Corrections. Defendant appeals, contending that the circuit court abused its discretion in resentencing him, and further claims that the court was punishing him for his behavior on probation rather than solely for his original offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In July 2020, defendant was charged with two counts of criminal sexual assault, stemming from allegations that he engaged in sexual intercourse with his minor stepdaughter, T.T. These events allegedly took place on or about December 30, 2019, in the home of defendant and his wife, T.T.'s mother. In January 2022, defendant pled guilty to the newly filed offense of aggravated criminal sexual abuse and was sentenced to 24 months' probation and 18 months of periodic imprisonment, which was considered served at the time of sentencing. The two original counts of criminal sexual assault were nol-prossed by the State pursuant to the plea. Relevant conditions of probation required defendant to not violate any laws, register as a sex offender, not consume alcohol, attend sex offender evaluation and treatment, and not have contact with T.T., her family or residence, or any other minors. As part of the plea, if defendant complied with all terms of probation, the charge would be converted to aggravated battery in a public place, a non-registerable offense.

¶ 5      A month after defendant was placed on probation, he was arrested by the Waukegan Police Department for driving under the influence of alcohol. The State subsequently filed a petition to revoke his probation, which alleged that defendant violated the terms of his probation by consuming alcohol on February 3, 2022, February 17, 2022, and January 18, 2022, and by committing the offense of driving under the influence of alcohol on February 17, 2022. At the

arraignment for the petition to revoke, the court advised defendant that if the petition were proven, he would be resentenced on the original charge, which had a sentencing range of three to seven years in the Department of Corrections. Defendant was then released on bond. A few days later, defendant was arrested again for driving under the influence of alcohol. The State then motioned the case up, and the defendant's bond was increased. Defendant was instructed to turn himself in that afternoon to bond court. The court advised that if he failed to appear, a warrant for his arrest would be issued. Defendant failed to appear, and a bench warrant was issued . Defendant did not appear in court again until September 2022, when he was arrested and extradited out of Wisconsin. In October 2022, the State filed a supplemental petition to revoke defendant's probation, which alleged that defendant violated the terms of his probation by committing the offense of failure to register on March 29, 2022, and July 14, 2022, by committing the offense of driving under the influence of alcohol on July 29, 2022, by having contact with minors, and by failing to comply with other provisions of probation.

¶ 6    In November 2022, defendant admitted to one allegation included in the State's supplemental petition to revoke. Specifically, defendant admitted to the allegation that on March 23, 2022, defendant consumed alcohol. The court advised defendant that his probation was revoked and that he would be resentenced on the original charge, which was a Class 2 felony, meaning he could be sentenced anywhere between three and seven years in the Department of Corrections. Knowing this, defendant proceeded with his admission and the court revoked his probation.

¶ 7    A presentence investigation report (PSI), along with an addendum and other supporting documents, were submitted to the court for review prior to resentencing. The reports reflected that the defendant was charged with two counts of aggravated criminal sexual assault, a Class 1 felony,

and one count of aggravated criminal sexual abuse, a Class 2 felony. Defendant was ultimately convicted of a single count of aggravated criminal sexual abuse, a Class 2 felony. The report goes on to describe the nature of the offense, detailing how defendant engaged in sexual intercourse with his minor stepdaughter, instructed her to not tell anyone about it, and then proceeded to have sexually explicit conversations with her via text and social media. The report also discussed defendant's behavior while on probation, specifically how defendant missed multiple group meetings of his sex offender treatment and attended one or more sessions while intoxicated. Additionally, defendant tested positive for alcohol on several occasions and was arrested for two alcohol-related offenses. The report also revealed that defendant wrote letters to T.T. and lived with a woman and her two minor children, all in violation of his bond conditions and probation. Included with the PSI report and addendum were the substance abuse evaluation and the sex offender assessment. Notably, the sex offender assessment acknowledged that while defendant did take some accountability for his actions, he continued to minimize his role in the offense as well as the impact the offense had on T.T.

¶ 8    Defendant was resentenced in January 2023. Neither the State nor the defense presented any evidence at the hearing. Prior to counsels' arguments, defendant gave the following allocution statement:

"THE DEFENDANT: So all this stuff is pointing me out as a bad guy. I worked my whole life. I have done everything I am supposed to do. I taken [*sic*] care of my kids. Now being incarcerated I am not able to pay child support. I do stay on top of and all this. I am making sure that everybody knows I am not out here committing crimes. I work. I handle my business as a father. You know, I am not—I do apologize for that running [from bond court]. That's not who I am. I have not seen my family in a while. That's the reason

why I did what I did. I know it's not acceptable. I should have turned myself in at the same time, and handle my business as a man. I want the Court to know I apologize and all this stuff for everything, but I am not a bad guy at all."

¶ 9    The State, in their closing, responded to defendant's statement by noting that the probation violations did not demonstrate whether or not defendant is a "bad guy." Rather, the probation violations showed "whether or not Mr. Sapp is an individual who can comply with probation, who can comply with Court orders ***." The State went on to discuss each of defendant's violations while on probation, and argued that the violations were not due to defendant's alcohol consumption, but rather due to defendant's decision making. The State asked for the maximum sentence, seven years in the Department of Corrections.

¶ 10    Defense counsel asserted that all of defendant's probation violations were the result of his severe alcohol abuse disorder. Counsel argued that defendant, despite his prior violations, was still a suitable candidate for probation as he had no prior criminal history, apologized for his actions, and suffered from a severe alcohol abuse disorder. Counsel concluded by asking the court to impose a sentence of no more than four years, should the court find a sentence in the Department of Corrections necessary.

¶ 11    The trial court resentenced defendant to five years' imprisonment in the Department of Corrections with credit for time served. In imposing that sentence, the court noted that it had reviewed all of the information contained in the PSI report as well as the information in the court's file. The court then stated that in sentencing, it looks to both rehabilitation of the defendant as well as punishment for the offense. The court acknowledged defendant's alcoholism as a mitigating factor, but noted that "just because someone is an alcoholic is not an excuse to get probation." The court then discussed some of defendant's behavior while on probation, and found that it could not

place defendant back on probation. In conclusion, the court stated that, "based on all of the information that I have, your probation is revoked. You are resentenced to serve five years in the Department of Corrections."

¶ 12 Defendant moved to reconsider the sentence, arguing that his sentence was excessive and that the court did not properly consider the statutory factors. At the hearing on that motion, the court informed the parties that it had reviewed the motion to reconsider, as well as the notes taken of the presentence investigation and the sentencing hearing and considered all of the factors in aggravation and mitigation. In light of all that, the court denied the motion to reconsider, and this appeal follows.

¶ 13                                     II. ANALYSIS

¶ 14 At issue in this appeal is whether the trial court abused its discretion in resentencing defendant to five years of incarceration in the Illinois Department of Corrections, which defendant contends punished him for his conduct on probation as opposed to the original offense. We affirm.

¶ 15 Defendant concedes that his claim on appeal is forfeited, as he did not raise it before the trial court during the sentencing hearing or in his motion to reconsider the sentence. Defendant, regardless, requests this court review his claim under plain error. The plain error doctrine is a narrow exception to the forfeiture rule that allows for review if a defendant can establish a clear and obvious error. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). Defendant bears the burden of persuasion. *Id.* In the context of sentencing, defendant must show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *Id.* Defendant here claims second-prong plain error, but we must first determine if an error actually occurred. *People v. Naylor*, 229 Ill.2d 584, 593 (2008).

¶ 16    It is well established that a trial court has broad discretion in imposing a sentence. *People v. Stacey*, 193 1ll. 2d 203, 209 (2000) (citing *People v. Fern*, 189 Ill. 2d 48, 53 (1999), and *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977)). However, that discretion is limited by the Illinois Constitution, which requires that all sentences imposed be determined by the seriousness of the offense with the objective of restoring defendant to useful citizenship. Ill. Const. 1970, Art. 1, § 11. In the instance of a resentencing after the revocation of probation, the trial court may resentence the defendant to any sentence that is within the sentencing range for the original offense. *People v. Young*, 138 Ill. App. 3d 130, 134-35 (1985). The trial court may also consider the defendant's conduct while on probation in the context of the defendant's rehabilitative potential. *Id.* Generally, " 'a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis for the revocation, and *not* for the original offense.' " (Emphasis in original.) *People v. Vilces*, 186 Ill. App. 3d 983, 986 (1989) (quoting *Young*, 138 Ill. App. 3d at 142). In other words, a sentence imposed after the revocation of probation will not be set aside if the record clearly shows that the trial court considered the original offense and imposed a sentence that would have been appropriate for the original offense. *People v. Varghese*, 391 Ill. App. 3d 866, 877 (2009) (citing *People v. Hess*, 241 Ill. App. 3d 276, 284 (1993)).

¶ 17    First, we note that the original offense defendant pled guilty to was aggravated criminal sexual abuse, which is a Class 2 felony. 720 ILCS 5/11-1.60(g) (West 2018). The sentencing range for this offense is three to seven years. 730 ILCS 5/5-4.5-35(a) (West 2018). The five-year sentence imposed by the trial court is within that sentencing range, so it is presumptively valid. However, our inquiry does not stop here. We must determine if the record clearly shows that the trial court

considered the original offense. *Varghese*, 391 Ill. App. 3d at 877 (citing *Hess*, 241 Ill. App. 3d at 284). In doing so, we may consider the remarks of the trial court during sentencing, taken in context, as well as the arguments of counsel. See *Young*, 138 Ill. App. 3d at 140- 42.

¶ 18      While we do acknowledge that the State's arguments focusing exclusively on defendant's conduct on probation at the resentencing hearing were improper, we are not persuaded that the sentence imposed was *in fact* imposed as a penalty for defendant's conduct while on probation. Defendant mistakenly focuses on isolated comments of the court and does not view them in context. However, we must consider these comments along with the entirety of the record. *Id.* Given the totality of the record, it is clear that the trial court resentenced defendant for the original offense.

¶ 19      At the outset, the trial court specifically stated that it had reviewed the PSI report, which robustly described the facts of the underlying offense. The court also expressly indicated that it reviewed all of the information in the court file, which would include the indictment for the original offense. Further, in taking the trial court's statements at the resentencing hearing in context, it is clear that any mention of defendant's probation violations was for the sole purpose of determining defendant's rehabilitative potential. Defense counsel argued that defendant would be a suitable candidate for probation despite his previous violations and requested that defendant be placed on probation again. The trial court addressed this and explained exactly why it would not place defendant on probation again. Namely, the defendant showed his inability to comply with probation and his lack of rehabilitative potential by violating the terms of his original probation. Given the context in which the trial court discussed defendant's probation violations, we are not convinced that the five-year sentence imposed was *in fact* imposed as a penalty for defendant's conduct while on probation.

¶ 20 Defendant contends that *People v. Varghese*, 391 Ill. App. 3d 866 (2009) is factually similar to the instant case; therefore, we must reverse and remand. We disagree. In *Varghese*, we determined that the trial court's comments characterizing defendant's behavior while on probation as "dangerous and intolerable" improperly commingled defendant's conduct while on probation with his original offense. Here, the court made no such comments. Rather, we have an explicit statement from the trial court indicating that it had reviewed both the PSI report and the court's files. We also have a statement immediately prior to sentencing indicating that the sentence being imposed was based on all of the information available to the trial court. The trial court did discuss defendant's behavior while on probation. However, in context, that discussion was for the limited purpose of establishing defendant's lack of rehabilitative potential and unsuitability for a second chance at probation. Given the absence of any sort of emphatic, passionate commentary by the trial court addressing defendant's behavior on probation, *Varghese* is distinguishable.

¶ 21 Defendant also contends that because the trial court never explicitly mentioned the underlying offense, it impermissibly resentenced defendant based on his probation violations rather than for the original offense. However, we have rejected this sort of logic. In *Miller*, the defendant similarly argued that because the trial court did not specifically mention the original offense in imposing sentence, that the resentence was not for the original offense. We found that "it is a mistake to mechanically equate 'consider[ing]' with 'mentioning.' " *Miller*, 2021 IL App (2d) 190093, ¶ 27; see also *People v. Christor*, 2022 IL App (2d) 200727-U, ¶ 101 ("we have cautioned that a 'mechanical counting of 'mentions' and their equating to 'consider[ing]' is not appropriate and that the proper inquiry is whether the record clearly shows that the trial court, in sentencing the defendant, considered his or her original offense.")

¶ 22    Accordingly, we determine that there was no error, and plain error review is unnecessary.

The trial court did not abuse its discretion in resentencing defendant to five years' imprisonment.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 25    Affirmed.