NOTICE
Decision filed 10/01/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230312-U

NOS. 5-23-0312, 5-23-0315 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | Nos. 20-CF-907, 21-CF-1129 |
| | ) | |
| ALBERT S. BREWER, | ) | Honorable |
| | ) | Rodney S. Forbes, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court abused its discretion in sentencing the defendant based upon the conduct giving rise to the revocation of his probation and conditional discharge, rather than the conduct for which he was originally convicted. Therefore, the defendant's respective sentences for driving while license revoked and aggravated battery must be vacated and the cause remanded for a new sentencing hearing on those offenses.

¶ 2    The defendant, Albert S. Brewer, pleaded guilty to driving while license revoked and was sentenced to a 24-month period of conditional discharge. In a separate case, the defendant pleaded guilty to aggravated domestic battery and was sentenced to a 24-month period of probation. Subsequently, the defendant violated the terms of his conditional discharge and probation. The circuit court vacated the conditional discharge and probation and sentenced the defendant to three years in prison for driving while license revoked and six years in prison for aggravated domestic battery. On appeal, the defendant argues that he is entitled to a new sentencing hearing because

1

the circuit court improperly considered the substance of two hearsay affidavits from dismissed cases as a factor in aggravation, and because the circuit court "improperly punished him" for the conduct that resulted in the revocation of his probation and conditional discharge rather than strictly for the underlying offenses. For the following reasons, we vacate the defendant's sentences and remand for a new sentencing hearing.

¶ 3                                    I. BACKGROUND

¶ 4      On July 22, 2020, the defendant was charged with driving while licensed revoked and leaving the scene of an accident in case 20-CF-907, after being involved in an auto accident on May 31, 2020, that resulted in property damage to another motorist's vehicle. On April 23, 2021, the defendant pleaded guilty to driving while license revoked in exchange for 24 months of conditional discharge, mandatory anger management classes, and dismissal of the second charge. During the plea hearing, the State provided the following factual basis. On May 31, 2020, officers of the Decatur Police Department responded to a car accident that involved a red 1999 Oldsmobile Intrigue. Officers spoke with the owner of the vehicle, Erica S. Brewer. Brewer explained that the defendant was her brother, that she allowed him to borrow her vehicle, and that he was driving at the time of the accident. The State also indicated that it would produce evidence that at the time of the accident the defendant's license was revoked or suspended due to a prior DUI. The circuit court found that the defendant's guilty plea was knowingly and voluntarily made and approved the negotiated plea.

¶ 5      On September 16, 2021, while on conditional discharge, the defendant was charged with aggravated domestic battery involving C.W., a household member, along with two counts of domestic battery in case No. 21-CF-1129. On October 8, 2021, the defendant entered a negotiated guilty plea to aggravated domestic battery in exchange for 24 months of conditional discharge, and

2

dismissal of the domestic battery charges. As part of the negotiated plea, the defendant also agreed to have no contact with the victim, C.W., and her residence, and to complete the "AWARE" program. As a factual basis for the plea, the State proffered that on September 12, 2021, the defendant approached C.W., a person with whom defendant had a prior dating relationship. The defendant ignored C.W.'s demand that he leave. He placed C.W. in a head lock, interfering with her ability to breathe. Following the State's proffer, the circuit court found that the defendant knowingly and voluntarily entered the plea and approved the negotiated plea.

¶ 6     On March 14, 2022, the State filed a motion to revoke the defendant's conditional discharge in the driving on revoked case (20-CF-907). Therein, the State alleged that the defendant violated the terms of conditional discharge in that he failed to complete anger management and to attend a court proceeding as directed.

¶ 7     On May 3, 2022, the State filed a petition alleging that the defendant violated conditions of his probation in the aggravated domestic battery case (21-CF-1129). The State alleged that the defendant failed to report to probation, failed to be present for scheduled home visits, and failed to engage in domestic violence treatment. On May 5, 2022, the State filed a second petition charging violations of probation in the aggravated domestic battery case. In the second petition, the State alleged that the defendant committed new criminal offenses involving home invasion and domestic battery in case 22-CF-511 and intimidation and domestic battery in case 22-CF-512. The defendant also violated the no-contact order on two occasions.

¶ 8     On August 8, 2022, the parties appeared for a hearing on the State's revocation petitions, along with a pretrial hearing on the new charges. At the outset, the circuit court, without objection, consolidated the revocation petitions and addressed those cases first. The State notified the court that it was withdrawing its second petition charging violations of probation filed in the aggravated

domestic battery case. The State then called the defendant's probation officer, Marlene Miles, as its sole witness. Miles testified that the defendant failed to complete domestic violence treatment. Miles also testified that the defendant failed to appear at three scheduled appointments and additional home visits, and that he failed to provide any explanation for the missed visits. The defendant did not present any evidence in his defense. At the close of the evidence, the circuit court found that the State had proven that the defendant violated the conditions of his probation in the aggravated domestic battery case and the terms of his conditional discharge in the driving on revoked case. The court revoked the defendant's probation and his conditional discharge and scheduled both cases for sentencing. At that point, the State made an oral motion to dismiss the charges in recently filed cases, 22-CF-511 and 22-CF-512, without prejudice, and that motion was granted.

¶ 9     On October 6, 2022, the circuit court conducted a consolidated sentencing hearing for cases 20-CF-907 and 21-CF-1129. During the sentencing hearing, the State requested that the circuit court take judicial notice of sworn statements filed in the dismissed cases, 22-CF-511 and 22-CF-512, as evidence in aggravation. The defendant did not object, and the court reviewed both sworn statements.[1] The State offered no additional evidence in aggravation. In its recommendation for sentencing, the State argued that the defendant was a danger to C.W. and feared that the only way to protect C.W. was to incarcerate the defendant. In support, the State noted that when the defendant was given the opportunity for a community-based sentence, he failed to complete the "AWARE" program, and he failed to stay away from C.W. The State further noted that the defendant not only violated the no-contact provision of his probation, but he also committed a home invasion and domestic battery against C.W. The State argued that the home invasion was

---

[1]The sworn statements were not marked as exhibits or otherwise included in the record.

4

more egregious because there was a child who was inside the home and witnessed its occurrence. The State recommended a sentence of seven years for the aggravated domestic battery offense.

¶ 10    The defendant did not present any evidence in mitigation, but he was permitted to address the court. In his statement in allocution, the defendant explained that he lost four family members while he was on conditional discharge and that he was struggling with the grief of those losses. The defendant also mentioned he had two children and a sick mother that he needed to take care of and was working on obtaining his associate's degree. In defense counsel's initial remarks regarding sentencing, counsel mentioned that C.W. had indicated she wanted to lift the no-contact provision. Counsel pointed out the defendant's conditional discharge and probation were revoked based on "technical violations" rather than "substantive violations." Counsel argued that the sworn statements the circuit court took judicial notice of were from cases that had been recently dismissed, and therefore, the defendant did not receive full due process in those cases. Counsel requested that the court consider that no witnesses were called to testify regarding the content of the sworn statements. In addition, counsel noted that the defendant was seeking mental health treatment to help him process his grief, that most of the defendant's criminal history was old, and that the defendant had a history of being employed.

¶ 11    The circuit court initially considered the appropriate sentence for the offense of driving while license revoked. The court reviewed the defendant's criminal history and noted that the defendant had previously received a three-year prison sentence for driving while license revoked or suspended in a 2010 case. The court also noted that the defendant had been given the opportunity of conditional discharge in the current case, and that he failed to comply with the terms of his conditional discharge. The court further acknowledged it had heard evidence of other acts of violence that would constitute felony offenses and bodily harm to C.W. The court referenced the

5

sworn statement in case 22-CF-511, and noted that according to the statement, "the defendant punched [C.W.] approximately six times after grabbing her hair, and this was witnessed by an 11-year-old child." The court also referenced the sworn statement in case 22-CF-512, noting that the statement indicated that the defendant grabbed C.W.'s arms and caused a bruise or injury to her arm. The circuit court then stated that it had considered the defendant's criminal history and his conduct while on probation. The court found that the defendant had "repeatedly, knowingly, and voluntarily engaged in criminal or antisocial behavior and that a probation sentence would deprecate the serious nature of this offense and be inconsistent with the ends of justice." The court sentenced the defendant to three years in prison, concluding that it was an appropriate sentence because the defendant had been previously sentenced to three years for the same offense.

¶ 12    The circuit court next considered the proper sentence for aggravated domestic battery. The circuit court again noted that the defendant allegedly committed two new violent offenses against C.W. while he was on probation. The court concluded that imprisonment was necessary for the protection of the public because the defendant had "repeatedly, knowingly, and voluntarily engaged in criminal and antisocial behavior." The court then reviewed the defendant's criminal history, noting that he had served a three-year sentence, four-year sentence, and five-year federal sentence, and determined that a six-year sentence was an appropriate sentence for this offense.

¶ 13    Following the sentencing hearing, defense counsel filed motions to reconsider the defendant's sentences. Therein, counsel argued that the circuit court "gave too much weight to the sworn statements in 22-CF-511 and 22-CF-512, which consisted of officers' hearsay statements from cases later dismissed prior to being subject to adversarial testing."

¶ 14    In addition to defense counsel's motions, the defendant filed a *pro se* motion for reduction of sentence in the aggravated domestic battery case. The defendant argued, among other things,

that the court improperly used the dismissed charges as aggravating factors at the sentencing hearing, which caused the court to impose a more severe sentence. The defendant also alleged that he received ineffective assistance from his defense counsel.

¶ 15 On January 20, 2023, the circuit court held a hearing to address defense counsel's motions to reconsider sentence and the defendant's *pro se* motion for reduction of sentence. Due to the defendant's ineffective assistance claims, the circuit court conducted a preliminary *Krankel*[2] inquiry. After considering arguments from the defendant and defense counsel, the court appointed new counsel to represent the defendant and rescheduled the hearing.

¶ 16 On April 25, 2023, the circuit court held a hearing on the motions to reconsider sentence in both cases with defendant's newly appointed counsel. Defense counsel argued that the defendant was improperly punished for the dismissed cases that had no bearing on the violation that resulted in the current cases. The State responded to defense counsel's argument by emphasizing that aggravated domestic battery involving strangulation was serious, and that the defendant failed to abide by the terms of his release when given the opportunity for a community-based sentence. The State contended that, given the circumstances, the only option was to incarcerate the defendant. The State argued that the court can properly consider any crimes committed while the defendant was on probation and that the sentence imposed in this case was proper. After considering the arguments from counsel, the circuit court found that it did not err in imposing the previous sentence in either case and denied the motions to reconsider sentence. This appeal followed.

¶ 17                                   II. ANALYSIS

¶ 18 On appeal, the defendant raises two claims of error. Initially, we consider the defendant's claim that he is entitled to a new sentencing hearing because the circuit court imposed a sentence

---

[2]*People v. Krankel*, 102 Ill. 2d 181 (1984).

7

based upon his conduct while on probation and conditional discharge rather than strictly for the underlying offenses.

¶ 19     The circuit court has broad discretion in imposing a sentence, and a review court may not overturn a sentencing decision absent an abuse of discretion. See generally *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). That said, the court's discretion is not without limitation. *Stacey*, 193 Ill. 2d at 209. During sentencing after revocation of a defendant's probation, a circuit court "may properly consider a defendant's conduct while on probation as evidence of rehabilitative potential." *People v. Varghese*, 391 Ill. App. 3d 866, 876 (2009). Generally, " 'a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of the revocation, and *not* for the original offense.' " (Emphases in original.) *Varghese*, 391 Ill. App. 3d at 876 (quoting *People v. Vilces*, 186 Ill. App. 3d 983, 986 (1989)). The circuit court may not punish the defendant for actions that constituted a probation violation. *Varghese*, 391 Ill. App. 3d at 876. If the probation violations represent a separate offense, "the defendant should be tried and found guilty, and the sentence should conform to 'orderly criminal processes.' " *Varghese*, 391 Ill. App. 3d at 876 (quoting *People v. Koppen*, 29 Ill. App. 3d 29, 32 (1975)). On review, the record must demonstrate that the circuit court considered the original offense. *Varghese*, 391 Ill. App. 3d at 876; *People v. Hess*, 241 Ill. App. 3d 276, 284 (1993). While the circuit court may consider the defendant's conduct while on probation, the court may not commingle matters related to the original offense with conduct that gave rise to the probation revocation. *Hess*, 241 Ill. App. 3d at 284. To aid in its determination, a reviewing court may consider the circuit court's remarks made during sentencing. *Varghese*, 391 Ill. App. 3d at 876. In general, the same standards governing the revocation of

8

probation also govern the revocation of conditional discharge. See 730 ILCS 5/5-6-4 (West 2022); *People v. Janovic*, 365 Ill. App. 3d 547, 550 (2006).

¶ 20    In this case, we have reviewed the record on appeal, and we have considered the circuit court's remarks during the sentencing hearing. Upon review, we conclude that the circuit court abused its discretion in imposing sentences based on conduct that the defendant committed while on probation and conditional release rather than on the original offenses. During the defendant's sentencing hearing, the circuit court took judicial notice of the sworn statements from two cases alleging domestic battery, home invasion, and intimidation, that were filed in 2022, and subsequently dismissed. Those new charges were filed while the defendant was serving terms of probation and conditional discharge. In its recommendations for sentencing, the State highlighted the facts involved in the home invasion, arguing that the offense was "egregious" because a child was present. The State also argued that the defendant was a clear danger to C.W. and that "the only way to keep her safe is for the defendant to be incarcerated."

¶ 21    In its remarks, the circuit court also discussed the defendant's conduct while on probation and conditional discharge. Initially, the circuit court stated that it had considered the presentence reports filed, statutory factors in aggravation and mitigation, the evidence at the hearing to revoke, the defendant's statement in allocution, and arguments from counsel. In addressing the driving while license revoked case, the court stated that it had heard evidence of the commission of other acts of violence against C.W. and specifically referenced the allegations and the sworn statements in the dismissed cases. The court noted that in those cases, "the defendant punched [C.W.] approximately six times after grabbing her hair, and this was witnessed by an 11-year-old child." The court further noted that the defendant "grabbed [C.W.'s] arms, causing a bruise or injury to her arm." These were not simply isolated comments directed toward the defendant's rehabilitative

9

capacity. Immediately thereafter, the court stated it considered the defendant's criminal history and his conduct while on probation. The circuit court found that "the defendant ha[d] repeatedly, knowingly, and voluntarily engaged in criminal or antisocial behavior and that a probation sentence would deprecate the serious nature of this offense and be inconsistent with the ends of justice." The circuit court then sentenced the defendant to three years in prison, which was the maximum sentence for the driving-on-revoked offense. The court identified these same considerations before imposing a six-year sentence for the offense of aggravated domestic battery.

¶ 22     Here, the circuit court was permitted to consider the defendant's conduct while on probation and conditional release as evidence of his rehabilitative potential. However, the totality of the circuit court's remarks leads us to conclude that the sentences imposed were based upon the conduct the defendant committed while on probation and conditional discharge, the conduct alleged in the recently dismissed cases, and not the underlying offenses. Therefore, we find that the circuit court abused its discretion in sentencing the defendant. Accordingly, we must vacate the defendant's sentences and remand the cause to the circuit court for a new sentencing hearing.

¶ 23     Given that our resolution is dispositive of the appeal, we will not address the defendant's claims that the trial court improperly considered the content of the two sworn statements filed in the dismissed cases in imposing his sentences and that his trial counsel was ineffective. Additionally, we note that the sworn statements were not included in the record on appeal, and we will not speculate on the content of those statements. Nothing would prevent the defendant from raising timely objections and arguments regarding the relevance and the reliability of those statements during the new sentencing hearing.

10

¶ 24                         III.CONCLUSION

¶ 25     The circuit court abused its discretion in sentencing the defendant based upon the conduct giving rise to the revocation of his probation and conditional discharge, rather than the conduct for which he was originally convicted. Accordingly, we vacate the defendant's sentences for driving while license revoked and aggravated domestic battery and we remand the cause for a new sentencing hearing on those offenses

¶ 26     Vacated and remanded for further proceedings.